**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| True Names Ltd., *et al.*, | No. CV-22-01494-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| GoDaddy Incorporated, *et al.*, | |
| Defendants. | |

At issue is the Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction (Doc. 2, Mot.), filed by Plaintiff True Names, Ltd. d/b/a Ethereum Name Service ("True Names") and Virgil Griffith (collectively "Plaintiffs"), on September 5, 2022 (the "Motion"). The Court has reviewed the Motion and its exhibits (Docs. 2-4), the Complaint and its exhibits (Doc. 1), and Plaintiffs' Notice of Supplemental Authority (Doc. 17).

In the Complaint (Doc. 1), Plaintiffs allege they entered into a 2018 Domain Name Registration Agreement with Defendants GoDaddy, Inc. and GoDaddy.com LLC (collectively, "GoDaddy"), for the domain name **eth[.]link** (the "Domain") and have held the Domain since then. In July and August 2022, GoDaddy allegedly declined to renew Plaintiffs' registration in the Domain, as the Agreement requires, and indeed may have sold the Domain to Defendants Dynadot LLC and/or Manifold Finance, Inc. in early September 2022. Plaintiffs now raise claims of breach of contract and breach of the covenant of good

faith and fair dealing against GoDaddy, as well as claims of intentional interference with prospective economic advantage and unfair competition against all Defendants.

In their Motion, Plaintiffs request that the Court enter a Temporary Restraining Order (TRO) without notice to Defendants to prevent Defendants from (1) causing the expiration of the **eth[.]link** domain name, of which Plaintiffs are the registrants, (2) frustrating Plaintiffs' effort to renew the Domain registration, and (3) selling or transferring ownership interest in the Domain. Plaintiffs additionally ask the Court for "an order to show cause why a preliminary injunction should not issue, pursuant to Fed. R. Civ. P. 65." (Mot. at 2.) In their Notice of Supplemental Authority, Plaintiffs also point to case law supporting an injunction requiring whichever Defendant purports to now hold ownership in the Domain to transfer it back to Plaintiffs. (Doc. 17.)

In a prior Order (Doc. 11), the Court denied Plaintiffs' request to proceed without notice to Defendants and ordered Plaintiffs to serve Defendants, which Plaintiffs timely accomplished. (Docs. 12-15.) The Court required that Defendants respond to Plaintiffs' Motion by September 8, 2022, and Defendants failed to file any response. As the Court warned in its prior Order, the Court deems Defendants' failure to respond as consent to the granting of Plaintiffs' Motion. (Doc. 11.) The Court held a hearing on the Motion on September 9, 2022, and Defendants also failed to appear at the hearing. (Doc. 18.)

To obtain preliminary injunctive relief, Plaintiffs must show that "(1) [they are] likely to succeed on the merits, (2) [they are] likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in [their] favor, and (4) an injunction is in the public interest." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008)). The Ninth Circuit Court of Appeals, employing a sliding scale analysis, has also stated "'serious questions going to the merits' and a hardship balance that tips sharply toward the [movant] can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1078 (9th Cir. 2013) *cert. denied*,

134 S. Ct. 2877 (2014) (quoting *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011)).

As discussed at the hearing, because the Court ordered notice to Defendants, Plaintiffs' request is no longer for a Rule 65(b) TRO without notice, and the Court thus considers Plaintiffs' request to be one for a preliminary injunction. For the reasons set forth in detail at the hearing, the Court finds that Plaintiffs have met their burden to demonstrate entitlement to preliminary injunctive relief under the *Winter* factors and *Drakes Bay Oyster Co.*, 747 F.3d at 1078. The Court will thus enter a Preliminary Injunction under Federal Rule of Civil Procedure 65.

Federal Rule of Civil Procedure 65(c) permits a court to enter preliminary injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully restrained." A court may only "dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining [its] conduct." *Jorgensen v. Cassidy*, 320 F.3d 906, 919 (9th Cir. 2003). The court must make a finding as to the surety bond amount it considers proper. *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

In this instance, the parties provided no briefing on the amount of surety bond that would be proper; indeed, Defendants provided no briefing whatsoever. The Court declines to set the preliminary injunction surety bond amount at zero, because Defendants may incur damages upon an ultimate determination that they were entitled to allow Plaintiffs' registration in the Domain to expire and/or sell or transfer ownership in the Domain. *See Jorgensen*, 320 F.3d at 919. The Court in its discretion will set the surety bond amount at $10,000.

**IT IS HEREBY ORDERED** granting in part and denying in part the Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction (Doc. 2). The Court will grant Plaintiffs the requested preliminary injunctive relief but will not enter the requested Order to Show Cause.

**IT IS FURTHER ORDERED** that Defendants GoDaddy, Inc. and GoDaddy.com LLC, their officers, agents, directors, affiliates, servants, employees, and all persons acting in concert with them, are HEREBY ENJOINED from directly or indirectly causing the expiration of the **eth[.]link** domain name (the "Domain") or allowing the Domain to revert to the registry to be generally available for purchase by third parties.

**IT IS FURTHER ORDERED** that Defendants GoDaddy, Inc. and GoDaddy.com LLC are HEREBY ENJOINED from preventing or frustrating Plaintiffs' right, pursuant to the Domain Name Registration Agreement with GoDaddy, to renew the registration of the Domain.

**IT IS FURTHER ORDERED** that Defendants GoDaddy, Inc., GoDaddy.com LLC, Dynadot LLC, and Manifold Finance, Inc. (collectively, "Defendants"), their officers, agents, directors, affiliates, servants, employees, and all persons acting in concert with them, are HEREBY ENJOINED from selling or otherwise transferring ownership interest in the Domain to any party or purchasing or accepting ownership interest in the Domain.

**IT IS FURTHER ORDERED** that, to the extent ownership interest in the Domain has been sold or transferred away from Plaintiffs as the registrants, Defendants shall immediately transfer ownership in the Domain back to Plaintiffs.

**IT IS FURTHER ORDERED** that, attendant to this injunctive relief, Plaintiffs must post a bond in the amount of $10,000 under Federal Rule of Civil Procedure 65(c) by September 13, 2022.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve this Order on Defendants as soon as practicable, and in any event by September 13, 2022.

Dated this 9th day of September, 2022.

Honorable John J. Tuchi
United States District Judge