LEWIS ROCA ROTHGERBER CHRISTIE LLP
John C. Gray (Bar No. 028454)
Alexander R. LaCroix (Bar No. 030166)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone:   (602) 262-5311
Facsimile:   (602) 262-5747
Email:   jgray@lewisroca.com
         alacroix@lewisroca.com
*Counsel for Defendant
Manifold Finance, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| True Names, Ltd. *et al.*,<br><br>            Plaintiffs,<br><br>   v.<br><br>GoDaddy, Inc. *et al.*,<br><br>            Defendants. | Case No. 2:22-cv-01494-JJT<br><br>**MOTION OF DEFENDANT MANIFOLD FINANCE, INC. TO DISMISS FIRST AMENDED COMPLAINT AND TO VACATE PRELIMINARY INJUNCTION FOR LACK OF PERSONAL JURISDICTION**<br><br>(Assigned to the Hon. John J. Tuchi) |

119086081.3

**Table of Contents**

I. Introduction ............................................................................................................... 1

II. Statement of Facts .................................................................................................... 1

   A. Plaintiffs' Allegations ........................................................................................ 1

   B. Manifold's Lack of Contacts with Arizona ....................................................... 3

III. Argument ................................................................................................................. 4

   A. The Court lacks personal jurisdiction over Manifold ....................................... 4

      1. The Court lacks general jurisdiction over Manifold. ...................................... 5

      2. The Court lacks specific jurisdiction over Manifold. ..................................... 6

   B. The Court should deny any request for jurisdictional discovery. .................... 13

   C. The Injunction is void and must be vacated. .................................................... 14

IV. Conclusion ............................................................................................................. 15

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Manifold Finance, Inc. ("Manifold") moves to dismiss the First Amended Complaint ("FAC") and every claim for relief therein against Manifold for lack of personal jurisdiction. Pursuant to Federal Rule of Civil Procedure 60(b)(1), (4), and (6), Manifold also moves for relief from the preliminary injunction entered on September 9, 2022 (the "Injunction") because that Injunction was mistakenly entered and is void due to the Court's lack of personal jurisdiction over Manifold.

## I. Introduction

Manifold has no relevant connection to Arizona. It is a Delaware corporation with its principal place of business in California, and it conducted no "forum-related activities" in connection with the claims asserted in this action. Accordingly, the Court cannot exercise either general or specific personal jurisdiction over Manifold, which must be dismissed from this action. Likewise, because the Court lacks personal jurisdiction over Manifold, the Injunction entered against Manifold is void and must be vacated.

## II. Statement of Facts

### A. Plaintiffs' Allegations

This matter involves a contractual dispute between plaintiffs True Names, Ltd. d/b/a Ethereum Name Service and Virgil Griffith (collectively, "Plaintiffs") and Defendants GoDaddy, Inc. and GoDaddy.com LLC (collectively, "GoDaddy.") (*See generally* FAC.) Allegedly, Plaintiffs had registered the "eth.link" internet domain (the "Domain") with GoDaddy as the domain registrar. (*Id.*) Plaintiffs claim that the registration was valid through July 26, 2023, but GoDaddy allowed the registration to expire in September 2022.

1  (*See generally id.*) GoDaddy then auctioned the Domain to the public, at which point it was
2  purchased by Manifold through Defendant Dynadot LLC ("Dynadot"), another domain
3  registrar. (*Id.*)

4  Based on those allegations, Plaintiffs assert two claims solely against GoDaddy: the
5  first claim for breach of contract and the second claim for breach of the covenant of good
6  faith and fair dealing. (*Id.*) Plaintiffs also assert three causes of action against all
7  Defendants: the third claim for intentional interference with prospective economic
8  advantage, the fourth claim for unfair competition, and the fifth claim for conversion. (*Id.*)

9  In the third through fifth claims for relief, Plaintiffs only mention Manifold in three
10 paragraphs. (*See id.* at ¶¶ 66-67, 77.) Otherwise, Plaintiffs merely lump Manifold together
11 with the other Defendants. (*See id.*) And, putting aside Plaintiffs' conclusory legal
12 assertions, the only *factual* allegations relating to Manifold assert that:

- It is the purchaser and holder of the Domain (*id.* at ¶¶ 2, 34);
- It publicly announced on September 3, 2022, that it had won the Domain registration rights through Dynadot (*id.* at ¶¶ 9, 36); and
- It is a Delaware company "residing in Delaware" that participates in the decentralized finance market (*id.* at ¶¶ 15-16).

18 That is it. There are no other factual allegations relating to Manifold whatsoever,
19 and it is not alleged to have been acting as an agent for or in concert with any other
20 Defendant. (*See generally id.*)

21 Similarly, Plaintiffs only mention Arizona in four paragraphs of the FAC. (*See
22 generally id.*) In those paragraphs, Plaintiffs merely allege:

- The GoDaddy Defendants are Delaware entities with their principal place of business in Tempe, Arizona (*id.* at ¶¶ 12-13, 16); and

- The District of Arizona "is the judicial district in which the defendants have their principal place of business and/or in which the events or omission [sic] giving rise to the claim occurred (*id.* at ¶ 17.)

Again, that is it. There is no other allegation relating to Arizona anywhere in the FAC. (*See generally id.*)

**B.  Manifold's Lack of Contacts with Arizona**

As Plaintiffs themselves allege, Manifold is a Delaware corporation. (*Id.* at ¶¶ 15-16; *see also* Ibrahimbacha Decl. ¶ 2.) Plaintiffs also allege that Manifold is "residing in Delaware," but its principal place of business is actually California under the "nerve center" test adopted by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). (*See* Ibrahimbacha Decl. ¶ 3.)

Manifold did not enter into any agreement with GoDaddy in connection with the Domain auction; it had no direct communications with GoDaddy; and it did not transfer any funds directly to GoDaddy. (*See id.* at ¶¶ 4-9.) Instead, Manifold only interacted directly with Dynadot in connection with the Domain auction. (*See id.*) Manifold is informed and believes that those interactions were governed by Dynadot's Terms of Use and Service Agreement, available at https://www.dynadot.com/terms-of-use.html, which provide for jurisdiction solely in the United States District Court for the Northern District of California or in the Superior Court of California, San Mateo County. (*See id.* at ¶ 7.) Moreover, Manifold is not aware of any Dynadot personnel or computer networks located

1  in Arizona, and Manifold has not transferred any funds to any Dynadot account located in
2  Arizona. (*See id.* at ¶ 6.)
3      In short, Manifold is not aware of ***any*** claim-related contacts it has had with Arizona,
4  and it certainly did not intend to establish any such contacts in purchasing the Domain.
5  (*See id.* at ¶¶ 2-11.)

6  **III.     Argument**

7      Plaintiffs bear the burden of establishing that the Court's exercise of personal
8  jurisdiction over each defendant is appropriate. *See Morrill v. Scott Fin. Corp.*, 873 F.3d
9  1136, 1141 (9th Cir. 2017). Plaintiffs' paltry allegations regarding Manifold fall well short
10 of meeting that burden. Nor can Plaintiffs meet their burden by further amending the FAC,
11 as the facts reveal that Manifold is incorporated in Delaware, headquartered in California,
12 and engaged in no suit-related conduct in Arizona. Accordingly, Plaintiffs cannot plead
13 any facts allowing the Court to exercise general or specific jurisdiction over Manifold,
14 which must be dismissed from the action. The Court should also deny any attempt by
15 Plaintiffs to obtain jurisdictional discovery, as such discovery is neither warranted nor
16 necessary in this case.

17     In addition, because the Court lacks personal jurisdiction over Manifold, the
18 Injunction entered against Manifold in this action is void and must be vacated.

19     **A.     The Court lacks personal jurisdiction over Manifold**

20     "Federal courts ordinarily follow state law in determining the bounds of their
21 jurisdiction over persons." *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746,
22 753, 187 L.Ed.2d 624 (2014). "Arizona law permits the exercise of personal jurisdiction to

the extent permitted under the United States Constitution." *Id.* (citing Ariz. R. Civ. P. 4.2(a)). Thus, the question is whether this Court's exercise of personal jurisdiction over Manifold would meet the due-process requirements of the U.S. Constitution. *See id.*

Those federal due-process requirements prohibit a court from exercising personal jurisdiction over a defendant unless the defendant is subject to either general jurisdiction or specific jurisdiction in the forum state. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1779, 198 L.Ed.2d 395 (2017). In the context of corporate defendants, general jurisdiction arises only when the corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially ***at home*** in the forum State." *Daimler*, 571 U.S. at 136 (emphasis added). Absent general jurisdiction, a plaintiff needs to establish specific jurisdiction, which arises only if there is a sufficient connection between the defendant's ***suit-related conduct*** and the forum State. *See Bristol-Myers Squibb*, 137 S.Ct. at 1780 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)).

Here, Plaintiffs have not established and cannot establish that this Court may exercise either general or specific jurisdiction over Manifold, which must be dismissed accordingly.

### 1. The Court lacks general jurisdiction over Manifold.

> General jurisdiction allows a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world. General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at home in the state.

1  *Carpenter v. Sikorsky Aircraft Corp.*, 101 F.Supp.3d 911, 920 (C.D. Cal. 2015) (cleaned

2  up) (quoting *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014)).

3  In short, and with very few exceptions, a state may exercise general jurisdiction over

4  a corporation only if it is incorporated or maintains its principal place of business in that

5  state. *Carpenter*, 101 F.Supp.3d at 921 ("Only in an 'exceptional case' is general

6  jurisdiction available [over a corporate defendant] anywhere other than the principal place

7  of business or state of incorporation.") (citing *Daimler*, 134 S.Ct. at 761, n.19; *accord*

8  *Martinez*, 764 F.3d at 1070). And the location of a corporation's headquarters or "nerve

9  center" will almost always be its "principal place of business." *Hertz*, 559 U.S. at 92-93.

10  Here, there is no dispute that Manifold is neither incorporated nor headquartered in

11  Arizona. (*See generally* FAC; *see also* Ibrahimbacha Decl. ¶¶ 2-3.) Thus, there can be no

12  dispute that Manifold is not subject to general jurisdiction in Arizona, and the Court cannot

13  exercise jurisdiction on that basis.

14  **2.      The Court lacks specific jurisdiction over Manifold.**

15  Distinct from general jurisdiction, "[s]pecific personal jurisdiction requires a

16  showing of **forum-related activities** of the defendant that are **related to the claim asserted**."

17  *Carpenter*, 101 F.Supp.2d at 921 (emphasis added) (citing *Rano v. Sipa Press, Inc.*, 987

18  F.2d 580, 588 (9th Cir. 1993)). Specific jurisdiction is thus "confined to adjudication of

19  issues deriving from, or connected with, the very controversy that establishes jurisdiction."

20  *Id*. (quoting *Goodyear*, 131 S.Ct. at 2851).

21  In assessing specific jurisdiction, courts employ a three-pronged test that analyzes

22  whether: "(1) the defendant either 'purposefully direct[ed]' its activities or 'purposefully

avail[ed]' itself of the benefits afforded by the forum's laws; (2) the claim 'arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction . . . comport[s] with fair play and substantial justice, *i.e.*, it [is] reasonable." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). Plaintiffs bear the burden of establishing the first two elements. *Bradley v. T-Mobile US, Inc.*, No. 17-cv-07232-BLF, 2020 WL 1233924, at *13 (N.D. Cal. Mar. 13, 2020). Even if the plaintiff meets that burden, the defendant can still disprove the third element. *Id*. (citing *Burger King*, 471 U.S. at 477 (1985)). "If any of the three [elements] is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Learjet, Inc. v. Oneok, Inc.*, 715 F.3d 716, 742 (9th Cir. 2013).

Here, Plaintiffs have not established and cannot establish either of the first two elements. Further, even if they could establish those elements, the third element would not be satisfied.

### a)   Manifold did not direct any activities toward Arizona.

Again, Plaintiffs have the burden of demonstrating that Manifold either "***purposefully*** directed [its] activities toward the forum or ***purposefully*** availed [itself] of the privileges of conducting activities in the forum." *Bradley*, 2020 WL 1233924, at *13 (emphasis added) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). Courts have analyzed claims sounding in tort under the "purposefully directed" framework, whereas courts typically analyze claims sounding in contract under

1  the "purposefully availed" framework. *Id*. (citing *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015)).

For purposes of this Motion, Manifold assumes that the "purposeful direction" framework applies here, as Plaintiffs' third through fifth claims sound in tort. In turn, Plaintiffs are required to establish "purposeful direction" by either (i) showing that "allegedly intentional tortious conduct occurred in the forum state," *id*. at *13 (internal quotations omitted), or (ii) utilizing the *Calder* "effects" test, *id*. (referring to the test in *Calder v. Jones*, 465 U.S. 783 (1984)).

In this case, Plaintiffs have not shown and cannot show that Manifold's "allegedly intentional tortious conduct" occurred in Arizona. Indeed, Plaintiffs never specifically allege that Manifold did anything in Arizona at all. (*See generally* FAC.) Accordingly, Plaintiffs would need to rely on the *Calder* effects test.

Plaintiffs, however, cannot meet that test. Under the *Calder* test, "[t]he defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (internal citation and quotations omitted). In applying this test, courts must "look[ ] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot*, 780 F.3d at 1214 (quoting *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115, 1122, 188 L.Ed.2d 12 (2014)).

i. Intentional Act

Here, Plaintiffs' only allegations of intentional conduct by Manifold assert that Manifold purchased the Domain and publicly announced that it had done so. (*See* FAC at ¶¶ 2, 9, 34, 36).

ii. Express Aiming

Neither of Manifold's alleged intentional acts was aimed at Arizona in any way. As described above, Manifold's purchase of the Domain was consummated with Dynadot pursuant to Dynadot's service agreement, which provides for jurisdiction in California. (*See generally* FAC; *see also* Ibrahimbacha Decl. ¶¶ 5-7.) And Manifold's announcement regarding the purchase was not directed in any way to Arizona. (*See generally* FAC; *see also* Ibrahimbacha Decl. ¶ 4.) Accordingly, Manifold's allegedly intentional suit-related conduct was not expressly aimed at Arizona, and Manifold cannot be subject to personal jurisdiction in Arizona on that basis.

Nor can Manifold be subject to jurisdiction based on some passive awareness of GoDaddy's prior conduct or the fact that GoDaddy happens to be located in Arizona. Such purported awareness is, of course, not intentional, and exercising jurisdiction on that basis would subject Manifold (or any other corporation) to specific jurisdiction in every state in which it allegedly receives suit-related information. *Cf. Daimler*, 571 U.S. at 138-39 (rejecting attempt to blur distinction between general and specific jurisdiction, noting that such efforts, if successful, would have subjected the defendant to specific jurisdiction in essentially every state).

Thus, Plaintiffs cannot possibly establish the second prong of the *Calder* effects test.

### iii. Knowledge and location of harm

It is not clear whether the third prong of the *Calder* effects test still applies after the Supreme Court's decision in *Walden*:

> In *Walden*, the Supreme Court rejected [the Ninth Circuit's] conclusion that the defendants' "knowledge of [the plaintiffs'] 'strong forum connections,'" plus the "foreseeable harm" the plaintiffs suffered in the forum, comprised sufficient minimum contacts. The Court found that [the Ninth Circuit] approach "impermissibly allow[ed] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." The Court made clear that [the analysis] must look to the defendant's "own contacts" with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.

*See Axiom*, 874 F.3d at 1069.

Assuming, though, that some form of this prong still exists, Plaintiffs have again failed to make and cannot make the requisite showing. Indeed, Plaintiffs do not even allege that they suffered harm **in Arizona**, let alone that Manifold was aware of any potential harm that might occur in Arizona. (*See generally* FAC; *see also id.* ¶¶ 10-11 (alleging that plaintiff True Names is a Singapore non-profit entity and that plaintiff Virgil Griffith is domiciled in Pennsylvania).)

Accordingly, Plaintiffs again fail to meet the *Calder* effects test, and they cannot establish any "purposeful direction" of Manifold's activities toward Arizona.

### b) Plaintiffs' claims do not arise out of or relate to Manifold's Arizona-related activities.

Of course, even if Plaintiffs could establish "purposeful direction," they would still have the burden of demonstrating that their action against Manifold "arises out of or relates

1  to the defendant's forum-related activities.'" *Williams*, 851 F.3d at 1023. This is a "but for"
2  test, in which a lawsuit "arises of out a defendant's contacts with the forum state" only if
3  "a direct nexus exists between those contacts and the cause of action." *In re Western States*
4  *Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 742 (9th Cir. 2013).

5      In other words, there must be "a connection between the forum and the specific
6  claims at issue." *Bristol-Myers Squibb*, 137 S.Ct. at 1782 (emphasis added). When such a
7  connection is lacking, there can be no specific jurisdiction, "regardless of the extent of a
8  defendant's unconnected activities in the State." *Id.* at 1781. Thus, activities unconnected
9  to the underlying controversy must be removed from the analysis to avoid conflating
10 general jurisdiction with specific jurisdiction. *Id*. at 1777-81 (rejecting California's "sliding
11 scale approach" to specific jurisdiction as a "a loose and spurious form of general
12 jurisdiction" that was "difficult to square with [the] Court's precedents").

13     Here, again, Manifold has not engaged in any Arizona-related activities at all. (*See*
14 *generally* FAC; Ibrahimbacha Decl. ¶¶ 2-11.) However, even if Manifold had engaged in
15 prior Arizona activities, Plaintiffs fail to allege that they would not have suffered any injury
16 but for those hypothetical activities. (*See generally* FAC.) Plaintiffs therefore cannot
17 demonstrate that their action against Manifold "arises out of or relates to the defendant's
18 forum-related activities," and the Court should dismiss Manifold accordingly.

19         **c)**    **The exercise of specific jurisdiction over Manifold would**
20         **be unreasonable.**

21     In light of the foregoing, Plaintiffs cannot establish either of the first two required
22 prongs of the test for specific jurisdiction. The burden therefore does not shift to Manifold

to establish that the Court's exercise of specific jurisdiction in this case would be unreasonable. However, such exercise would indeed be unreasonable. *See Bristol-Myers Squibb*, 137 S.Ct. at 1780 ("the 'primary concern' [in assessing specific jurisdiction] is "the burden on the defendant").

Courts have evaluated seven factors in assessing the reasonableness of exercising specific jurisdiction: (1) the extent of defendant's purposeful injection into the forum state's affairs; (2) the burden on defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Dole Foods*, 303 F.3d at 1115. Most of these factors weigh heavily against the exercise of specific jurisdiction in this case:

1. As explained above, Manifold has not purposefully injected itself into Arizona's affairs in any way.

2. The burden on Manifold in litigating in Arizona is high. Manifold's owner and primary employee is in California. Although Arizona is a neighboring state, travel back and forth is expensive, as is the retention of Arizona counsel.

3. As explained above, Manifold has not engaged in any suit-related conduct in Arizona. Thus, any attempt by Plaintiffs to enforce Arizona tort law against Manifold would be extraterritorial and would infringe on the sovereignty of California over conduct occurring within its borders. *Cf. White v. Ford Motor Co.*, 312 F.3d 998, 1013-1020 (9th Cir. 2002) ("[A] State may not impose economic sanctions on violators of its laws with the

1   intent of changing the tortfeasors' conduct in other States, whether the extraterritorial
2   conduct is lawful or not.") (cleaned up; quotation and citation omitted).
3       4.      Again, Manifold is a stranger to Plaintiffs' actual dispute (which is with
4   GoDaddy), such that Arizona has no interest in adjudicating anything regarding Manifold.
5       7.      If there were any viable dispute involving Manifold (which there is not),
6   California would offer a perfectly suitable forum for resolution of that dispute.
7       In sum, Plaintiffs have not met their burden of establishing either of the first two
8   elements of the test for specific jurisdiction, and the third element cannot be met in any
9   event, as exercising specific jurisdiction over Manifold in this action would be
10  unreasonable. The Court should therefore dismiss Manifold from the case for lack of
11  personal jurisdiction.

12      **B.     The Court should deny any request for jurisdictional discovery.**

13      The Court should also reject any request by Plaintiffs for "jurisdictional discovery,"
14  as such discovery would circumvent straightforward pleading rules and Manifold's due-
15  process rights.
16      In some cases, jurisdictional discovery may be appropriate where (i) a plaintiff has
17  met the pleading requirements to establish general or specific jurisdiction but (ii) some
18  dispute exists between the parties as to the truth or the scope of those allegations. *Boschetto*
19  *v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (jurisdictional discovery appropriate
20  "where pertinent facts are controverted or where a more satisfactory showing of the facts
21  is necessary"). Courts, however, should not grant requests for jurisdictional discovery
22  where the jurisdictional pleadings are "attenuated and based on bare allegations in the face

of specific denials made by defendants." *Perez v. Indian Harbor Ins. Co.*, No. 4:19-cv-07288*YGR, 2020 WL 2322996, at *4 (N.D. Cal. May 11, 2020) (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Circ. 1995)). Requests should likewise be denied if discovery would not yield additional facts to support "a basis for jurisdiction, or where the request is based on little more than a hunch that it might yield jurisdictionally relevant facts." *Id*. (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977); *see also Boschetto*, 539 F.3d at 1020.

Here, the Court should not grant Plaintiffs leave for jurisdictional discovery. Plaintiffs' FAC includes no specific allegations regarding personal jurisdiction whatsoever, and the other allegations against Manifold do not reveal any connection to Arizona. Such allegations are insufficient to warrant discovery, and there is no indication that such discovery would support personal jurisdiction in any event.

### C.    The Injunction is void and must be vacated.

Pursuant to Federal Rule of Civil Procedure 60(b)(1), (4), and (6), a party may be relieved of a judgment or order for the following reasons:

- mistake, inadvertence, surprise, or excusable neglect;
- the judgment is void; or
- any other reason that justifies relief.

Here, the Injunction cannot stand because it was based on mistake and legal error with regard to the Court's jurisdiction over Manifold, and it is void for lack of any such personal jurisdiction. Indeed, in this context, the Court is not merely *permitted* to grant relief to Manifold, it is *required* to do so. *See* Wright & Miller, 11 Fed. Prac. & Proc. Civ.

§ 2862, nn. 1, 10 (3d ed.) (2022 Thomson Reuters) (judgment or order is void when the court that rendered it lacked jurisdiction over the parties, and there is "no question of discretion on the part of the court") (collecting cases and citing, *inter alia*, *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247 (9th Cir. 1980) (because the district court did not have personal jurisdiction over defendant, a Costa Rican entity, and the default judgment entered against defendant was therefore void, the district court had a **nondiscretionary duty** to grant relief from the judgment).[1]

Accordingly, and for the same reasons that the action itself must be dismissed as against Manifold, the Injunction must likewise be vacated.

## IV. Conclusion

Based on the foregoing, the Court lacks personal jurisdiction over Manifold, and Plaintiffs have not met and cannot meet their burden to prove otherwise. Therefore, Manifold respectfully requests that the Court dismiss it from this action and vacate the Injunction previously entered against it.

Dated: October 18, 2022

Lewis Roca Rothgerber Christie LLP

By: _____
John C. Gray
Alexander R. LaCroix
*Counsel for Defendant*
*Manifold Finance, Inc.*

---

[1] There is also no time limit for making a motion based on a void order or judgment, *see id.*, and a void order rendered without personal jurisdiction may be attacked collaterally even if a defendant has not appeared in the action, *see* Phillips & Stevenson, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 3-F, § 3:410.