**CROWELL & MORING LLP**
Justin D. Kingsolver (AZ Bar No. 035476)
    JKingsolver@crowell.com
Alexander Urbelis (*pro hac vice*)
    AUrbelis@crowell.com
Andrew Pruitt (*pro hac vice*)
    APruitt@crowell.com
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500

**CROWELL & MORING LLP**
Warrington S. Parker, III (*pro hac vice*)
    WParker@crowell.com
Jacob Canter (*pro hac vice*)
    JCanter@crowell.com
Katie Lee (*pro hac vice*)
    KatLee@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: (415) 986-2800

*Attorneys for Plaintiffs True Names, Ltd. and Virgil Griffith*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TRUE NAMES, LTD. d/b/a ETHEREUM NAME SERVICE, a Singapore corporation, and VIRGIL GRIFFITH, an individual,<br><br>          Plaintiffs,<br><br>   v.<br><br>GODADDY, INC., a Delaware corporation, GODADDY.COM LLC, a Delaware corporation, DYNADOT LLC, a California corporation, and MANIFOLD FINANCE, INC., a Delaware corporation<br><br>          Defendants. | Case No. 2:22-cv-01494-JJT<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT MANIFOLD FINANCE, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND TO VACATE PRELIMINARY INJUNCTION**<br><br>(Oral Argument Requested) |

CROWELL & MORING LLP
ATTORNEYS AT LAW

**TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ........................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

     A.    Plaintiffs Registered Their Domain Name With Companies In
         Arizona ............................................................................................... 2

     B.    Manifold Interfered With Plaintiffs' Contract And Purchased
         Plaintiffs' Domain Name .................................................................... 2

     C.    Plaintiffs Sued Manifold, Sought A TRO, And Manifold Failed To
         Appear ................................................................................................. 3

III.  ARGUMENT ................................................................................................... 3

     A.    Manifold Is Subject To Specific Jurisdiction In Arizona ................... 3

         1.    Part 1 Of Calder Test Is Satisfied: Manifold's Acts Are
             Intentional ................................................................................ 4

         2.    Part 2 Of Calder Test Is Satisfied: Manifold's Acts Were
             Expressly Aimed At Arizona. .................................................. 4

         3.    Part 3 Of Calder Test Is Satisfied: Manifold Has Caused Harm
             To Plaintiffs In Arizona .......................................................... 6

         4.    Manifold Fails To Carry Its Burden Of Demonstrating That
             The Exercise Of Specific Jurisdiction In Arizona Would Be
             Unreasonable. .......................................................................... 7

     B.    In The Alternative, The Court Should Grant Plaintiffs' Request For
         Jurisdictional Discovery. .................................................................. 11

     C.    Fed. R. Civ. P. 60 Provides No Legal Basis For Challenging The
         Preliminary Injunction And Manifold Waived Its Rights To
          Challenge The Injunction. ................................................................ 12

         1.    Fed. R. Civ. P. 60(b) Provides No Basis For Relief. ....................... 12

         2.    Manifold's Request Is Procedurally Improper If Construed As
             A Motion For Reconsideration. ............................................... 12

         3.    Manifold Constructively Consented To The Preliminary
             Injunction And Cannot Challenge It. ...................................... 13

IV.  CONCLUSION ............................................................................................. 14

CROWELL & MORING LLP
ATTORNEYS AT LAW

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AirWair Int'l Ltd. v. Schultz*,
   73 F. Supp. 3d 1225 (N.D. Cal. 2014) ............................................................ 8

*Astro-Med, Inc. v. Nihon Kohden Am., Inc.*,
   591 F.3d 1 (1st Cir. 2009) ............................................................................... 5

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) ........................................................................ 4

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
   11 F.4th 972 (9th Cir. 2021) ........................................................................... 6

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
   223 F.3d 1082 (9th Cir. 2000) ........................................................................ 8

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ...................................................................... 10

*Calder v. Jones*,
   465 U.S. 783 (1984) ............................................................................... 3, 4, 6

*Chandler v. Roy*,
   985 F. Supp. 1205 (D. Ariz. 1997) ................................................................. 2

*CollegeSource, Inc. v. AcademyOne, Inc.*,
   653 F.3d 1066 (9th Cir. 2011) ........................................................................ 7

*Columbia Sportswear N. Am., Inc. v. Ventex Co.*,
   2019 WL 4783105 (D. Or. Sept. 30, 2019) .................................................... 6

*Crussiah v. Inova Health Sys.*,
   2015 WL 7294368 (D. Md. Nov. 19, 2015) .................................................... 5

*DIRECTV, Inc. v. EQ Stuff, Inc.*,
   207 F. Supp. 2d 1077 (C.D. Cal. 2002) ........................................................ 10

*Eagle Metal Prod., LLC v. Keymark Enters., LLC*,
   651 F. Supp. 2d 577 (N.D. Tex. 2009) ........................................................... 6

**CROWELL & MORING LLP**
ATTORNEYS AT LAW

ii

CROWELL & MORING LLP
ATTORNEYS AT LAW

*El v. San Diego Unified Sch. Dist.*,
  2021 WL 3240298 (S.D. Cal. June 29, 2021), *aff'd*, 2022 WL 1714284
  (9th Cir. May 27, 2022) .......................................................................................... 13

*Int'l Soc'y for Prot. of Mustangs & Burros v. U.S. Dep't of Agric.*,
  2022 WL 3585831 (D. Ariz. Aug. 22, 2022).......................................................... 12

*Jenkins v. Pooke*,
  2009 WL 10692010 (N.D. Cal. July 13, 2009)................................................... *passim*

*Keeton v. Hustler Magazine, Inc.*,
  465 U.S. 770 (1984)................................................................................................. 5

*Langrock v. California*,
  2017 WL 729548 (C.D. Cal. Feb. 24, 2017)........................................................... 13

*Laub v. U.S. Dep't of Interior*,
  342 F.3d 1080 (9th Cir. 2003) ................................................................................ 11

*Mainstream Media, EC v. Riven*,
  2009 WL 2157641 (N.D. Cal. July 17, 2009).......................................................... 5

*Matrixx Initiatives, Inc. v. Capricorn Pharma, Inc.*,
  2009 WL 10673413 (D. Ariz. Apr. 23, 2009) .......................................................... 9

*Microsoft Corp. v. Does 1-18*,
  2014 WL 1338677 (E.D. Va. Apr. 2, 2014) .............................................................. 7

*Northbrook Digit., LLC v. Vendio Servs., Inc.*,
  625 F. Supp. 2d 728 (D. Minn. 2008)....................................................................... 7

*Off. Depot, Inc. v. Zuccarini*,
  621 F. Supp. 2d 773 (N.D. Cal. 2007), *aff'd*, 596 F.3d 696 (9th Cir.
  2010) ..................................................................................................................... 1, 5

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
  52 F.2d 267 (9th Cir. 1995) ..................................................................................... 2

*Panavision Int'l, L.P. v. Toeppen*,
  141 F.3d 1316 (9th Cir. 1998) ................................................................................. 8

*Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*,
  204 F.3d 867 (9th Cir. 2000) ................................................................................... 12

*Resnick v. Rowe*,
  283 F. Supp. 2d 1128 (D. Haw. 2003)...................................................................... 5

CROWELL & MORING LLP
ATTORNEYS AT LAW

*Robinson Corp. v. Auto-Owners Ins. Co.*,
  304 F. Supp. 2d 1232 (D. Haw. 2003) ........................................................................ 10

*Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*,
  2022 WL 2199938 (C.D. Cal. Mar. 7, 2022) ............................................................... 13

*SEC v. Christian Stanley, Inc.*,
  2012 WL 13012497 (C.D. Cal. Apr. 3, 2012) .............................................................. 12

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
  208 F.R.D. 273 (N.D. Cal. 2002) ................................................................................ 11

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797(9th Cir. 2004) .......................................................................................... 4

*Skye Orthobiologics, LLC v. CTM Biomedical, LLC*,
  2021 WL 6102520 (C.D. Cal. Feb. 9, 2021)................................................................... 5

*Tuazon v. R.J. Reynolds Tobacco Co.*,
  433 F.3d 1163 (9th Cir. 2006) ..................................................................................... 10

*United States v. Doe*,
  2020 WL 1880974 (W.D. Tex. Mar. 31, 2020) ........................................................... 13

*Will Co. v. Lee*,
  47 F.4th 917 (9th Cir. 2022) .......................................................................................... 4

*Wilson v. PTT, LLC*,
  351 F. Supp. 3d 1325 (W.D. Wash. 2018)...................................................................... 7

*Workgroup Tech. Corp. v. MGM Grand Hotel, LLC*,
  246 F. Supp. 2d 102 (D. Mass. 2003) ............................................................................ 9

*World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of*
  *N.Y., Inc.*,
  2011 WL 5118525 (N.D. Cal. Oct. 28, 2011)................................................................. 8

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006) .................................................................................... 4, 8

**Statutes**

Fed. R. Civ. P. 60........................................................................................................... 12

Fed. R. Civ. P. 60(b)....................................................................................................... 12

Fed. R. Civ. P. 60(b)(1) .................................................................................................. 12

Fed. R. Civ. P. 60(b)(4) .................................................................................................. 12

Fed. R. Civ. P. 60(b)(6) .................................................................................................. 12

**Other Authorities**

16 A.R.S. Rules of Civil Procedure, Rule 4(e)(2) ............................................................ 4

L.R. Civ 7.2(g)(1) .................................................................................................. 1, 12, 13

L.R. Civ 7.2(g)(2) ......................................................................................................... 13

L.R. Civ 7.2(i) ........................................................................................................... 3, 13

CROWELL & MORING LLP
ATTORNEYS AT LAW

1    Plaintiffs True Names Ltd. and Virgil Griffith hereby submit their Opposition to

2    Defendant Manifold Finance, Inc.'s Motion to Dismiss and to Vacate the Preliminary

3    Injunction (Dkt. 37) ("Opposition").

### I.    INTRODUCTION

5        Courts have already determined the issue of personal jurisdiction under the

6    circumstances of this case.  Defendant Manifold Finance, Inc. ("Manifold") subjected

7    itself to Arizona jurisdiction because the eth.link domain name's registry and registrar,

8    the GoDaddy defendants, are located in Arizona.  *See, e.g.*, *Off. Depot, Inc. v. Zuccarini*,

9    621 F. Supp. 2d 773, 778 (N.D. Cal. 2007) (finding in rem jurisdiction at the location of

10    the domain name's registry or registrar), *aff'd*, 596 F.3d 696 (9th Cir. 2010); *Jenkins v.*

11    *Pooke*, 2009 WL 10692010, at *4-6 (N.D. Cal. July 13, 2009) (same), *report and*

12    *recommendation adopted*, 2009 WL 10691375 (N.D. Cal. Aug. 19, 2009).

13        As for the reasonableness of exercising such jurisdiction, Manifold bears the

14    burden of showing that it would not be reasonable.  Manifold has submitted nothing

15    except its own say-so.  Not only is that not enough, the facts demonstrate that the

16    exercise of jurisdiction falls well within reason.

17        If the Court disagrees with Plaintiffs at this stage, Plaintiffs respectfully request

18    leave for targeted jurisdictional discovery.

19        Finally, Manifold's request to void or vacate the preliminary injunction should be

20    denied.  First, Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b) cannot be used

21    to overturn the injunction.  Second, Manifold cannot challenge the preliminary

22    injunction after having waived its rights to appear and contest the issuance of the

23    injunction in the first place.  Third, Manifold has failed to provide this Court any valid

24    reason to question its earlier decision as required by this Court's rules.  *See* L.R. Civ

25    7.2(g)(1).  Having waited 39 days to claim that there is something wrong with the

26    preliminary injunction, there is no basis to excuse Manifold's waiver or its failure to

27    abide by this Court's rules yet again.

28

CROWELL & MORING LLP
ATTORNEYS AT LAW

1    For these reasons, the motion should be denied.

2                    II.    FACTUAL AND PROCEDURAL BACKGROUND

3    **A.    Plaintiffs Registered Their Domain Name With Companies In Arizona**

4        True Names, Ltd. ("TNL"), founded in 2017 by Plaintiff Virgil Griffith and

5    others, provides the software for the Ethereum Name Service ("ENS").  (Whittaker Decl.

6    ¶ 3.[1])  In 2018, Griffith purchased the registration rights for the "eth.link" domain on

7    behalf of and for the benefit of TNL.  (*Id*. ¶¶ 7, 10.)  The eth.link domain allows ENS

8    domains to be accessible on the traditional Domain Name System ("DNS") system,

9    essentially acting as a gateway between the traditional DNS and the ENS systems.  (*Id*.

10   ¶¶ 4-5.)

11       At all relevant times, the eth.link domain was subject to a contract between

12   registrant Griffith and registrar GoDaddy, Inc. and/or GoDaddy.com LLC (collectively,

13   "GoDaddy"), both of which are Arizona businesses.  (*Id*. ¶¶ 8-9.)

14       In addition, ENS at all relevant times had users who live in Arizona and conduct

15   business and other transactions in Arizona in reliance on the eth.link domain.  (*Id*. ¶ 6.)

16   **B.    Manifold Interfered With Plaintiffs' Contract And Purchased**
         **Plaintiffs' Domain Name**
17

18       On August 25, 2022, GoDaddy publicly announced that the eth.link domain name

19   "expired" on July 26, 2022, was "progressing through the expiration lifecycle," and

20   "absent a renewal by the current registrant" (Plaintiff Griffith) was "expected to be

21   returned to the registry"—that is, be available to purchase by the public—on September

22   5, 2022.  (*Id*. ¶ 12; Ex. A.)

23       However, on September 3, 2022, even before the date that GoDaddy announced

24   the domain would return to the registry, Manifold announced on Twitter that it had

25

26   _____

27   [1] The Court may consider evidence in the form of declarations and exhibits in deciding
     Defendant Manifold's motion.  *See, e.g. Omeluk v. Langsten Slip & Batbyggeri A/S*, 52
     F.2d 267, 268 (9th Cir. 1995); *Chandler v. Roy*, 985 F. Supp. 1205, 1209 (D. Ariz. 1997)
28   (considering declarations filed in support of opposition to motion to dismiss).

CROWELL & MORING LLP
ATTORNEYS AT LAW

1   acquired ownership of the eth.link domain after purchasing it through an auction

2   managed by Defendant Dynadot LLC ("Dynadot").  (*Id*. ¶¶ 13-14.)

3           **C.     Plaintiffs Sued Manifold, Sought A TRO, And Manifold Failed To
                    Appear**
4

5           Plaintiffs initiated this action on September 5, 2022, by filing a Complaint, (Dkt.

6   1), and an Ex Parte Motion for a Temporary Restraining Order ("TRO Motion") (Dkt.

7   2).  Plaintiffs brought claims against GoDaddy, Dynadot, and Manifold alleging

8   intentional interference with prospective economic advantage and unfair competition.

9   (Dkt. 1.)  Plaintiffs properly notified and served all three Defendants including Manifold

10  and its counsel.  (Dkt. 10 at 2; Dtk. 12; Dkt. 16 at 2-3; Dkt. 22 at 2-3; Dkt. 28; Dkt. 32.)

11          The Court ordered Defendants to file a Response to the TRO Motion and

12  scheduled a hearing.  (Dkt. 11 at 3.)  The Court warned that "if Defendants fail to file a

13  Response to Plaintiffs' TRO Motion [] or fail to appear at the hearing, the Court will

14  deem either failure to be Defendants' consent to the Motion being granted."  (*Id*. (citing

15  L.R. Civ 7.2(i).)  Manifold "failed to file any response" and "failed to appear at the

16  hearing." (Dkt. 19 at 2.)

17          The Court granted Plaintiffs a preliminary injunction and "deem[ed] Defendants'

18  failure to respond as consent to the granting of Plaintiffs' Motion." (*Id*.)

19          On September 21, 2022, Plaintiffs filed an Amended Complaint with an

20  additional third claim against Manifold for conversion.  (Dkt. 24.)

21          Manifold filed its Motion to Dismiss and to Vacate the Preliminary Injunction, on

22  October 18, 2022, 39 days after the issuance of the preliminary injunction.  (Dkt. 37.)

23                          **III.    ARGUMENT**

24          **A.     Manifold Is Subject To Specific Jurisdiction In Arizona.**

25          Courts have already made the determination that such facts support the exercise

26  of jurisdiction over a defendant because they satisfy the *Calder v. Jones* "effects" test.

27  Under the *Calder* test, Manifold "(1) committed an intentional act; (2) expressly aimed

28

CROWELL & MORING LLP
ATTORNEYS AT LAW

3

1    at the forum state; (3) causing harm that the defendant knows is likely to be suffered in

2    the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th

3    Cir. 2017) (citing *Calder v. Jones*, 465 U.S. 783, 803 (1984)); *see also Schwarzenegger*

4    *v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Yahoo! Inc. v. La Ligue*

5    *Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).[2]

6    ### 1.    Part 1 Of *Calder* Test Is Satisfied: Manifold's Acts Are
7    ### Intentional.

8         Contrary to Manifold's suggestion otherwise, it is enough that Manifold purchased

9    the eth.link domain, which Plaintiffs allege was wrongful.  (Dkt. 24 at 10.)  Courts have

10   already held that either purchasing or transferring a domain name constitutes an

11   intentional act for jurisdictional purposes.  *See Will Co. v. Lee*, 47 F.4th 917, 922 (9th Cir.

12   2022) ("purchasing a domain name" is an "intentional act"); *Jenkins*, 2009 WL 10692010,

13   at *4 ("Mr. Pooke committed an intentional act by unlawfully . . . transferring the domain

14   name mod.com to himself.").

15   ### 2.    Part 2 Of *Calder* Test Is Satisfied: Manifold's Acts Were
16   ### Expressly Aimed At Arizona.

17        Manifold further contends that its "intentional suit-related conduct was not

18   expressly aimed at Arizona" because its "purchase of the Domain was consummated

19   with Dynadot" and mere awareness of GoDaddy's conduct or connection to Arizona is

20   insufficient to create jurisdiction.  (Dkt. 37 at 11.)

21        But Manifold's purchase was an act necessarily directed at Arizona.  Arizona was

22   the place of the registry of the eth.link domain name and the location of the registrar

23   before the wrongful acts were undertaken.  Indeed, it is only because of the wrongful

24   acts that Manifold can argue that it consummated a deal with Dynadot.  *See Jenkins*,

25   2009 WL 10692010, at *5 (concluding that specific jurisdiction existed because the

26

27   [2] Arizona's long-arm statute authorizes "personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Constitution of this state and the Constitution of the United States." 16 A.R.S. Rules of Civil Procedure, Rule
28   4(e)(2).

CROWELL & MORING LLP
ATTORNEYS AT LAW

4

1  wrongful acts occurred in the district where registrar of domain name resided); *see also*

2  *Zuccarini*, 621 F. Supp. 2d at 778 (domain name located in district of registrar and

3  registry and wrongful acts occurred there).  The fact that Manifold "may not have known

4  that [GoDaddy] is geographically located in [Arizona] is not dispositive." *Jenkins*, 2009

5  WL 10692010, at *5.[3]

6        To be sure, neither Plaintiff is a resident of Arizona.  However, that does not

7  matter.  There is no requirement that a plaintiff reside in the state in which suit is

8  brought.  *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984); *Resnick v.*

9  *Rowe*, 283 F. Supp. 2d 1128, 1137 (D. Haw. 2003); *Jenkins*, 2009 WL 10692010, at *5

10  (in domain name case noting this and finding special jurisdiction).

11        Finally, Manifold contends that it "has not engaged in any Arizona-related

12  activities at all."  (Dkt. 37 at 13.)  But as a legal matter, it is enough that Manifold's acts

13  caused harm and impacted relationships in Arizona.  *See, e.g.*, *Skye Orthobiologics, LLC*

14  *v. CTM Biomedical, LLC*, 2021 WL 6102520, at *14 (C.D. Cal. Feb. 9, 2021)

15  ("Plaintiffs have sufficiently alleged that but for Rogers and VMD's contacts with the

16  California VA hospitals, as well as with Skye, their tortious interference claim would not

17  have arisen."); *see also Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 10 (1st

18  Cir. 2009) ("Nihon Kohden's conduct in Florida and California was a cause of the

19  breach of contract—the actual injury—that occurred in Rhode Island."); *Crussiah v.*

20  *Inova Health Sys.*, 2015 WL 7294368 (D. Md. Nov. 19, 2015) (the tortious interference

21  with prospective economic advantage claim arose from activities directed at Maryland,

22  which was the focal point of the alleged contact, where the contracts were breached, and

23  where plaintiff suffered harm suffered).

24

25  [3] *Mainstream Media, EC v. Riven*, 2009 WL 2157641 (N.D. Cal. July 17, 2009), is a case
   where the wrongful acts that caused the domain name to be transferred took place
   somewhere other than in California and the California registrar held the domain name

26  after the wrongful acts and then, by the time of suit, had transferred the domain name to a
   registrar outside of the United States.  Therefore, the Court found that such transitory

27  connection to California was insufficient to assert specific jurisdiction.  That is not the
   case here.

28

CROWELL & MORING LLP
ATTORNEYS AT LAW

5

In short, Plaintiffs' claims "arise[] out of or relate[] to [Manifold]'s forum-related activities" because Manifold's "forum-related conduct consisted of the unlawful [purchasing and transferring of] the domain name . . . , which was maintained by the [GoDaddy] registry." *Jenkins*, 2009 WL 10692010, at *5 (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008)).

Finally, Manifold is subject to specific jurisdiction in Arizona because Plaintiffs' unfair competition claim shares a common nucleus of operative facts with its tortious interference and conversion claims. *See, e.g.*, *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (exercising specific jurisdiction because plaintiff's "unfair competition claims 'arise out of or result from' [defendant's] 'forum-related activities'"); *Columbia Sportswear N. Am., Inc. v. Ventex Co.*, 2019 WL 4783105, at *10 (D. Or. Sept. 30, 2019) ("Thus, because Columbia's breach of contract claim shares a common nucleus of operative facts with its unfair competition claims . . . the Court exercises pendant personal jurisdiction over Ventex for Columbia's unfair competition claims."); *Eagle Metal Prod., LLC v. Keymark Enters., LLC*, 651 F. Supp. 2d 577, 589 (N.D. Tex. 2009) ("The analysis for the common law unfair competition claim is identical to the tortious interference claim, defamation and disparagement claims above, and the Court has jurisdiction over this claim as well."). Given that Manifold's conduct is expressly and intentionally aimed at Arizona, the first two steps of the *Calder* test are met here.

**3.      Part 3 Of *Calder* Test Is Satisfied: Manifold Has Caused Harm To Plaintiffs In Arizona.**

Manifold contends that "Plaintiffs do not even allege that they suffered harm in Arizona, let alone that Manifold was aware of any potential harm that might occur in Arizona." (Dkt. 37 at 12.)  However, Manifold does not deny the allegation contained in Plaintiffs' Complaint and Amended Complaint that it was aware of the agreement between Plaintiffs and GoDaddy regarding the eth.link domain name.  (*Compare* Complaint ¶ 55 and Amended Complaint ¶ 55 *with* Dkt. 37-1.)

CROWELL & MORING LLP
ATTORNEYS AT LAW

1    Given this, when Manifold engaged in the acts alleged in the Amended

2    Complaint, it had to know, as a matter of law and fact, that the injury would occur in

3    Arizona at the least.  Manifold "knew that it was likely that harm would be suffered in

4    the state where . . . the registry for [the eth.link domain] is located."  *Jenkins*, 2009 WL

5    10692010, at *5.

6    Moreover, ENS has users of the eth.link domain who live in Arizona and conduct

7    business and other transactions in Arizona using the eth.link domain.  (Whittaker Decl.

8    ¶ 6.)  That too situates the harm in Arizona.  *See, e.g.*, *Microsoft Corp. v. Does 1-18*,

9    2014 WL 1338677, at *2 (E.D. Va. Apr. 2, 2014) (exercising personal jurisdiction over

10   defendant who caused harm to plaintiff, its customers, and others in the forum through

11   domain names located in the forum); *Wilson v. PTT, LLC*, 351 F. Supp. 3d 1325, 1335

12   (W.D. Wash. 2018) (harm was suffered in Washington by consumers that defendant was

13   aware existed); *Northbrook Digit., LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 767

14   (D. Minn. 2008) (minimal contacts were established by Minnesota residents who

15   downloaded and used defendant's software).

16
17   **4.    Manifold Fails To Carry Its Burden Of Demonstrating That The Exercise Of Specific Jurisdiction In Arizona Would Be Unreasonable.**

18   Because Plaintiffs have established a prima facie case demonstrating specific

19   jurisdiction, "the burden then shifts to [defendant] to set forth a 'compelling case' that

20   the exercise of jurisdiction would not be reasonable."  *See CollegeSource, Inc. v.*

21   *AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (citing *Burger King Corp. v.*

22   *Rudzewicz*, 471 U.S. 462, 476-78 (1985)).  Courts consider seven factors: (1) the extent

23   of a defendant's purposeful interjection into the forum; (2) the burden on the defendant

24   in defending in the forum; (3) the extent of conflict with the sovereignty of the

25   defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most

26   efficient judicial resolution of the dispute; (6) the importance of the forum to the

27   plaintiff's interest in convenient and effective relief; and (7) the existence of an

28   alternative forum.  *See CollegeSource*, 653 F.3d at 1079 (citing *Dole Food Co. v. Watts*,

CROWELL & MORING LLP
ATTORNEYS AT LAW

1    303 F.3d 1104, 1114 (9th Cir. 2002)).  "No one factor is dispositive; a court must

2    balance all seven." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir.

3    1998), holding modified by *Yahoo!*, 433 F.3d 1199.

4         While claiming each factor weighs in its favor, Manifold has failed to make any

5    actual showing that this Court can consider that the exercise of jurisdiction would be

6    unreasonable.  Manifold provides no evidence that these seven factors warrant a ruling

7    in its favor.  (Dkt. 37 at 14-15.). The fact that Manifold merely asserts "without

8    elaboration that jurisdiction would be unreasonable" is not enough. *Bancroft & Masters,*

9    *Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1089 (9th Cir. 2000), holding modified

10   by *Yahoo!*, 433 F.3d 1199.[4]  As a result, Manifold fails to carry the burden of

11   demonstrating that the following seven factors warrant a finding in its favor.

12        Not only has Manifold failed to make any showing, all seven factors favor the

13   exercise of jurisdiction over Manifold.

14        First, Manifold purposefully interjected itself into Arizona by purchasing the

15   eth.link domain name.  *See* Sections I., A. and B., *supra*.

16        Second, Manifold fails to demonstrate that the exercise of jurisdiction would be

17   unreasonable or burdensome, and merely asserts that its "owner and primary employee

18   is in California" and that "retention of Arizona counsel" and "travel back and forth" to

19   "a neighboring state" "is expensive."  (Dkt. 37 at 14.)  However, these kinds of

20   assertions which lack "factual showing" fail to carry a defendant's burden.  *See AirWair*

21   *Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225 (N.D. Cal. 2014) ("Here, NPS has stated that

22   forcing NPS to litigate in California would impose a great burden on NPS, but NPS

23   makes no factual showing of this burden other than to point out that NPS's headquarters

24   in the United Kingdom is 5,000 miles away.").

25   _____

26   [4] To the extent that Manifold attempts to do so, it cannot now try to cure its failure to make
     its evidentiary showing in reply.  *See World Lebanese Cultural Union, Inc. v. World*
27   *Lebanese Cultural Union of N.Y., Inc.*, 2011 WL 5118525, at *6 n.3 (N.D. Cal. Oct. 28,
     2011) (defendant fails to support its assertion of purposeful direction because "[n]ew
28   evidence or analysis presented for the first time in a reply is [improper] and will not be
     considered").

CROWELL & MORING LLP
ATTORNEYS AT LAW

1    Even were litigation in Arizona less convenient, the inconvenience does not rise

2    to the requisite level—"a deprivation of due process." *Matrixx Initiatives, Inc. v.*

3    *Capricorn Pharma, Inc.*, 2009 WL 10673413, at *7 (D. Ariz. Apr. 23, 2009).

4    "Particularly in light of modern communication technology, [Manifold] will not be

5    unduly burdened by the exercise of jurisdiction in" Arizona.  *Id*. (citing *Dole Food*, 303

6    F.3d at 1155; *Panavision*, 141 F.3d at 1323); *see also Workgroup Tech. Corp. v. MGM*

7    *Grand Hotel, LLC,* 246 F. Supp. 2d 102, 115 (D. Mass. 2003) ("MGM must demonstrate

8    that the exercise of jurisdiction in the present circumstances is onerous in a special,

9    unusual, or other constitutionally significant way.").  In addition, Manifold has already

10   found and retained counsel based in Phoenix, Arizona to address in-court appearances.

11   Third, Manifold contends that "any attempt . . . to enforce Arizona tort law

12   against [it] would be extraterritorial and would infringe on the sovereignty of California

13   over conduct occurring within its borders." (Dkt. 37 at 14.)  However, "[t]he importance

14   of state sovereignty carries significantly less weight in a dispute between U.S. residents

15   than it does when jurisdiction is asserted over a foreign defendant." *Matrixx Initiatives*,

16   2009 WL 10673413, at *7 (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805

17   F.2d 834, 841 (9th Cir. 1986)).  While California "has an interest in litigation involving"

18   Manifold, "that interest does not sufficiently weigh against the exercise of jurisdiction

19   in Arizona." *Id*.

20   Fourth, Manifold contends that it "is a stranger to Plaintiffs' actual dispute . . .

21   such that Arizona has no interest in adjudicating anything regarding Manifold."  (Dkt. 37

22   at 15.)  But Arizona has an interest in adjudicating the dispute because it involves a

23   contract entered into by an Arizona company and a property that was registered by an

24   Arizona company.  Although "no state 'has a uniquely strong interest'" in disputes

25   arising out of private commercial transactions, if the "events and alleged harm [] took

26   place in Arizona," Arizona "has at least as great an interest in adjudicating this dispute

27   as" any other state. *Matrixx Initiatives*, 2009 WL 10673413, at *7 (quoting *Mattel, Inc.*

28   *v. Greiner & Hausser GmbH*, 354 F.3d 857, 868 (9th Cir. 2003)).  "Moreover, [Arizona]

CROWELL & MORING LLP
ATTORNEYS AT LAW

9

1    does have an interest in the litigation even though Plaintiffs are not forum residents

2    because the tort here was essentially effected in [Arizona] through the . . . transfer of the

3    domain name, maintained by the [Arizona]-based registry." *Jenkins*, 2009 WL

4    10692010, at *6.

5          Fifth, Manifold fails to "identify any specific hardship or otherwise comment on

6    this factor, thus abdicating its burden on this point" regarding the most efficient judicial

7    resolution of the dispute. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171

8    (9th Cir. 2006). Arizona is the most advantageous forum for all parties to ensure

9    efficient judicial resolution of this action, especially given that two of the other

10   defendants in this action have their principal place of business in Arizona. In addition,

11   "[t]he most efficient resolution will be achieved by a court that is already 'familiar with

12   the facts and procedural history of the litigation.'" *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207

13   F. Supp. 2d 1077, 1082 (C.D. Cal. 2002) (quoting *Ballard v. Savage,* 65 F.3d 1495, 1502

14   (9th Cir. 1995)). "This Court has already invested time and resources with this case,

15   having issued . . . a Preliminary Injunction after extensive briefing on the merits." *Id*.

16   Therefore, "the most efficient forum for resolution of the dispute is this forum." *Id*.

17         Sixth, Manifold fails to "identify any specific hardship or otherwise comment on

18   this factor, thus abdicating its burden on this point" regarding the importance of the

19   forum to Plaintiffs' interest in convenient and effective relief. *Tuazon*, 433 F.3d at

20   1171. Although this factor "is not given much weight," "the difficulty inherent in

21   bringing this action in another forum cannot be completely ignored." *Robinson Corp. v.*

22   *Auto-Owners Ins. Co.*, 304 F. Supp. 2d 1232, 1241 (D. Haw. 2003). Maintaining

23   jurisdiction in Arizona would ensure convenient and effective relief for Plaintiffs.

24         Lastly, an alternative forum such as California is neither necessary nor

25   appropriate. As such, exercising specific jurisdiction over Manifold is reasonable, and

26   comports with traditional notions of fair play and substantial justice. *See Boschetto*, 539

27   F.3d at 1019.

28

CROWELL & MORING LLP
ATTORNEYS AT LAW

10

**B.      In The Alternative, The Court Should Grant Plaintiffs' Request For Jurisdictional Discovery.**

This Court has broad power to grant limited, expedited jurisdictional discovery where necessary to investigate its own jurisdiction over a matter.  *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  "[D]iscovery should be granted when . . . the jurisdictional facts are contested or more facts are needed."  *Id*. (citing *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).  Good cause for leave exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  The requesting party will be prejudiced if discovery is denied and there is a reasonable probability that the outcome would have been different had discovery been allowed.  *See Laub*, 342 F.3d at 1093.  Moreover, there is no prejudice to a defending party when the discovery sought is "narrowly tailored" to seek information that is "not otherwise accessible" and "will substantially contribute to moving th[e] case forward." *Semitool*, 208 F.R.D. at 276.

Here, if the Court does not deny Manifold's Motion outright and to the extent the Court deems jurisdictional factfinding necessary, the Court should grant Plaintiffs leave for jurisdictional discovery.

The discovery sought is this: documents from Manifold relating to its purchase of the eth.link domain name, including pre-purchase documents relating to the purchase.

Discovery of this information "will substantially contribute to moving th[e] case forward" by uncovering the extent to which the three defendants were aware of, communicated, and interacted with each other.  *Id*.  Any prejudice to Manifold would be minimal because any correspondence among the defendants would be relevant to the merits of the case and, thus, discoverable in the future anyway.

/ / /

1

2

**C.      Fed. R. Civ. P. 60 Provides No Legal Basis For Challenging The Preliminary Injunction And Manifold Waived Its Rights To Challenge The Injunction.**

3

**1.      Fed. R. Civ. P. 60(b) Provides No Basis For Relief.**

4

5

6

7

8

9

10

11

12

13

14

Manifold contends that the Court's preliminary injunction should be vacated pursuant to Fed. R. Civ. P. 60(b)(1), (4), and (6).  (Dkt. 37 at 16.)  However, Fed. R. Civ. P. 60(b) cannot be used to challenge a preliminary injunction.  *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) ("[A] preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b)."); *Int'l Soc'y for Prot. of Mustangs & Burros v. U.S. Dep't of Agric.*, 2022 WL 3585831, at *1 (D. Ariz. Aug. 22, 2022) ("Plaintiff's reliance on Rule 60(b)(2) is misplaced."); *SEC v. Christian Stanley, Inc.*, 2012 WL 13012497, at *1 (C.D. Cal. Apr. 3, 2012) ("Rule 60(b) is not the appropriate vehicle through which Defendant can request dissolution of the preliminary injunction.").

The motion fails on that ground alone.

15

16

**2.      Manifold's Request Is Procedurally Improper If Construed As A Motion For Reconsideration.**

17

18

19

20

21

Although Manifold never states it, its request to void or vacate the preliminary injunction is actually a motion for reconsideration.  *See Int'l Soc'y*, 2022 WL 3585831, at *1 ("Regardless, the Court has discretion to reconsider and vacate a prior order . . . and the Court will simply construe Plaintiff's Motion as requesting the Court to exercise such discretion in this case.").

22

23

24

25

26

27

28

Manifold's request as a motion for reconsideration is procedurally improper.  Local Rule Civ. 7.2(g)(1) requires that Manifold "point out with specificity the matters that [Manifold] believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order."  *Id.* Manifold only says that the injunction was mistakenly entered due to a lack of jurisdiction, but fails to state why any issues it had were not presented earlier.

CROWELL & MORING LLP
ATTORNEYS AT LAW

12

1    Next, Manifold's request is untimely.  *Id.* at 7.2(g)(2) requires that "any motion for

2    reconsideration shall be filed no later than fourteen (14) days after the date of the filing of

3    the Order that is the subject of the motion."  *Id.*  In this case, Manifold waited 39 days

4    following the issuance of the preliminary injunction on September 9, 2022 to file its

5    request on October 18, 2022.  The motion fails on procedural grounds.

6        **3.    Manifold Constructively Consented To The Preliminary Injunction And Cannot Challenge It.**

7

8    Finally, Manifold has waived its right to challenge the preliminary injunction.

9    Manifold did nothing to challenge the TRO or the preliminary injunction despite

10   receiving notice and despite *knowing* that its failure to appear or contest the motion was

11   consent.  On September 6, 2022, the Court warned that "if Defendants fail to file a

12   Response to Plaintiffs' TRO Motion [] or fail to appear at the hearing, the Court will

13   deem either failure to be Defendants' consent to the Motion being granted."  (Dkt. 11 at

14   3 (citing L.R. Civ. 7.2(i).))

15   Despite this, Manifold failed to appear or say anything at all.  Manifold then sat

16   for 39 days saying nothing about the preliminary injunction.  This is waiver and

17   abandonment. *See United States v. Doe*, 2020 WL 1880974, at \*2 (W.D. Tex. Mar. 31,

18   2020) ("Defendant did not file a response in opposition to the United States' application

19   for a preliminary injunction and did not appear at the hearing. Defendant's failure to

20   appear constitutes a waiver of his right to respond to the United States' application for a

21   preliminary injunction."); *El v. San Diego Unified Sch. Dist.*, 2021 WL 3240298, at \*2

22   (S.D. Cal. June 29, 2021) ("[T]he Court finds that Plaintiff's failure to oppose

23   constitutes a waiver of the issues raised in Defendant's motion to dismiss."), *aff'd*, 2022

24   WL 1714284 (9th Cir. May 27, 2022); *Rozier v. Dep't of Homeland Sec. Fed. Protective*

25   *Serv.*, 2022 WL 2199938, at \*3 (C.D. Cal. Mar. 7, 2022) ("If a party fails to respond to

26   an argument made on a motion to dismiss, a court may find such failure constitutes

27   waiver or abandonment of the issue."); *Langrock v. California*, 2017 WL 729548, at \*3

28   (C.D. Cal. Feb. 24, 2017) ("[A] notice of removal must include all grounds for removal,

13

1  and the failure to do so results in a waiver of grounds existing at the time of the notice's

2  filing that were not included.").

3  **IV.    CONCLUSION**

4       For the reasons set forth herein, Manifold Finance, Inc.'s Motion to Dismiss and to

5  Vacate the Preliminary Injunction (Dkt. 37) should be denied.

6  Dated:  November 17, 2022               CROWELL & MORING LLP

7                             By:    */s/   Katie Lee*

8                             Justin D. Kingsolver (AZ Bar No. 035476)
    Alexander Urbelis (*pro hac vice*)
9                             Andrew Pruitt (*pro hac vice*)
    1001 Pennsylvania Avenue, N.W.
10                             Washington, DC  20004
    Telephone: (202) 624-2500
11                             JKingsolver@crowell.com
    AUrbelis@crowell.com
12                             APruitt@crowell.com

13                             CROWELL & MORING LLP
    Warrington S. Parker, III (*pro hac vice*)
14                             Jacob Canter (*pro hac vice*)
    Katie Lee (*pro hac vice*)
15                             3 Embarcadero Center, 26th Floor
    San Francisco, CA 94111
16                             Telephone: (415) 986-2800
    WParker@crowell.com
17                             JCanter@crowell.com
    KatLee@crowell.com

18

19

20

21

22

23

24

25

26

27

28

CROWELL & MORING LLP
ATTORNEYS AT LAW