Kevin O'Malley (Bar No. 006420)
Yusra B. Bokhari (Bar No. 029376)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:    (602) 530-8000
Facsimile:    (602) 530-8500
kevin.omalley@gknet.com
yusra.bokhari@gknet.com
*Attorneys for Defendant Dynadot, LLC*

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| True Names, Ltd. d/b/a Ethereum Name Service, a Singapore corporation, and Virgil Griffith, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GoDaddy, Inc., a Delaware corporation, GoDaddy.com LLC, a Delaware corporation, Dynadot LLC, a California corporation, and Manifold Finance, Inc., a Delaware corporation,<br><br>Defendants. | No. 2:22-CV-01494-JJT<br><br>**ANSWER** |

Defendant, Dynadot, LLC ("Dynadot") files its Answer to Plaintiffs' Amended Complaint.

## **INTRODUCTION**

1. Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies each and every such allegation.

2. Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies each and every such allegation.

3.     Dynadot admits only the factual averments in paragraph 3 as to the syncing of the domain names and internet protocol addresses and the Domain Name System.  As to the remainder of the allegations, Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies each and every such allegation.

4.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies each and every such allegation.

5.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies each and every such allegation.

6.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies each and every such allegation.

7.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies each and every such allegation.

8.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies each and every such allegation.

9.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies each and every such allegation.

10.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies each and every such allegation.

11.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies each and every such allegation.

12.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies each and every such allegation.

13.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies each and every such allegation.

14.     Dynadot admits the allegations contained in paragraph 14.

15.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies each and every such allegation.

## JURISDICTION

16.     Dynadot admits only that it is a California company with its principal place of business in California; Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies each and every remaining allegation.

## VENUE

17.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies each and every such allegation.

## FACTUAL ALLEGATIONS

18.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies each and every such allegation.

19.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies each and every such allegation.

20.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies each and every such allegation.

21.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies each and every such allegation.

22.     Dynadot admits only that GoDaddy, Inc. acquired Uniregistry, Corp. Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 22 and therefore denies the remainder of the allegations.

23.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies each and every such allegation.

24.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies each and every such allegation.

25.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies each and every such allegation.

26.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies each and every such allegation.

27.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies each and every such allegation.

28.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies each and every such allegation.

29.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies each and every such allegation.

30.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies each and every such allegation.

31.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies each and every such allegation.

32.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies each and every such allegation.

33.     Dynadot denies that it purported to have purchased the domain from GoDaddy.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 33 and therefore denies the remainder of the allegations.

34.     Dynadot denies the allegations contained in paragraph 34.

35.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies each and every such allegation.

36.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies each and every such allegation.

37.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies each and every such allegation.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract as to GoDaddy Defendants)

38.     Paragraph 38 is duplicative and Dynadot incorporates by reference all of its preceding admissions and denials to the corresponding duplicative paragraphs respectively.

39.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies each and every such allegation.

40.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies each and every such allegation.

41.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies each and every such allegation.

42.     Dynadot denies that it played any role in Plaintiffs' alleged attempts to renew the domain name while it was registered with GoDaddy, or that Dynadot possessed the power to impact renewal efforts, if any, during that time period.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 42 and therefore denies each and every such allegation.

43.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies each and every such allegation.

44.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies each and every such allegation.

45.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies each and every such allegation.

## SECOND CLAIM FOR RELIEF

**(Breach of the Covenant of Good Faith and Fair Dealing as to GoDaddy Defendants)**

46.     Paragraph 46 is duplicative and Dynadot incorporates by reference all of its preceding admissions and denials to the corresponding duplicative paragraphs respectively.

47.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies each and every such allegation.

48.     Dynadot denies that it played any role in Plaintiffs' alleged attempts to renew the domain name while it was registered with GoDaddy, or that Dynadot possessed the power to impact renewal efforts, if any, during that time period. Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies each and every such allegation.

49.     Dynadot denies that it played any role in Plaintiffs' alleged attempts to renew the domain name while it was registered with GoDaddy, or that Dynadot possessed the power to impact renewal efforts, if any, during that time period. Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies each and every such allegation.

50.      Dynadot denies that it played any role in Plaintiffs' alleged attempts to renew the domain name while it was registered with GoDaddy, or that Dynadot possessed the power to impact renewal efforts, if any, during that time period. Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies each and every such allegation.

51.      Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies each and every such allegation.

52.      Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies each and every such allegation.

## THIRD CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage as to All Defendants)**

53.      Paragraph 53 is duplicative and Dynadot incorporates by reference all of its preceding admissions and denials to the corresponding duplicative paragraphs respectively.

54.      Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies each and every such allegation.

55.      Dynadot denies the allegations in paragraph 55 as to Dynadot.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 55 and therefore denies each and every such allegation.

56.      Dynadot denies the allegations in paragraph 56 as to Dynadot.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 56 and therefore denies each and every such allegation.

57.       Dynadot denies the allegations in paragraph 57 as to Dynadot, and denies that it is liable to Plaintiffs on any basis.

58.     Dynadot denies the allegations in paragraph 58 as to Dynadot, and denies that it is liable to Plaintiffs on any basis.   Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 58 and therefore denies each and every such allegation.

59.     Dynadot denies the allegations in paragraph 59 as to Dynadot, and denies that it is liable to Plaintiffs on any basis, and further denies that Plaintiffs have no adequate remedy at law related to its allegations against Dynadot.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 59 and therefore denies each and every such allegation.

60.     Dynadot denies the allegations in paragraph 60 as to Dynadot, and denies that it is liable to Plaintiffs on any basis.   Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 60 and therefore denies each and every such allegation.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition as to all Defendants)

61.     Paragraph 61 is duplicative and Dynadot incorporates by reference all of its preceding admissions and denials to the corresponding duplicative paragraphs respectively.

62.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies each and every such allegation.

63.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies each and every such allegation.

64.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies each and every such allegation.

65.     Dynadot denies the allegations in paragraph 65 as to Dynadot.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 65 and therefore denies each and every such allegation.

66.     Dynadot denies the allegation that Manifold Finance purchased the domain eth.link from Dynadot.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations in paragraph 66 and therefore denies each and every such allegation.

67.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies each and every such allegation.

68.     Dynadot denies the allegations in paragraph 68 as to Dynadot.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 68 and therefore denies each and every such allegation.

69.     Dynadot denies the allegations in paragraph 69 as to Dynadot, and denies that it is liable to Plaintiffs on any basis.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 69 and therefore denies each and every such allegation.

70.     Dynadot denies the allegations in paragraph 70 as to Dynadot, and denies that it is liable to Plaintiffs on any basis.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 70 and therefore denies each and every such allegation.

71.     Dynadot denies the allegations in paragraph 71 as to Dynadot, and denies that it is liable to Plaintiffs on any basis, and further denies that Plaintiffs have no adequate remedy at law related to its allegations against Dynadot.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 71 and therefore denies each and every such allegation.

**FIFTH CLAIM FOR RELIEF**

**(Conversion as to All Defendants)**

72.     Paragraph 72 is duplicative and Dynadot incorporates by reference all of its preceding admissions and denials to the corresponding duplicative paragraphs respectively.

73.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies each and every such allegation.

74.     Dynadot denies the allegations in paragraph 74 as to Dynadot.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 74 and therefore denies each and every such allegation.

75.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies each and every such allegation.

76.     Dynadot denies the allegations in paragraph 76.

77.     Dynadot is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies each and every such allegation.

78.     Dynadot denies the allegations in paragraph 78 as to Dynadot, and denies that it is liable to Plaintiffs on any basis.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 78 and therefore denies each and every such allegation.

79.     Dynadot denies the allegations in paragraph 79 as to Dynadot, and denies that it is liable to Plaintiffs on any basis.  Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 79 and therefore denies each and every such allegation.

80. Dynadot denies the allegations in paragraph 80 as to Dynadot, and denies that it is liable to Plaintiffs on any basis, and further denies that Plaintiffs have no adequate remedy at law related to its allegations against Dynadot. Dynadot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 80 and therefore denies each and every such allegation.

## **GENERAL DENIAL**

81. Dynadot denies each and every allegation of the complaint that is not expressly admitted above.

## **AFFIRMATIVE DEFENSES**

Without waiver of the right to assert any additional affirmative defenses as may be revealed through discover, Dynadot asserts the following separate affirmative defenses to the Plaintiffs' Amended Complaint.

82. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

83. This Court lack personal jurisdiction over Dynadot.

84. Venue is improper in this Court.

85. Failure to join an indispensable party under Fed. R. Civ. P. 19.

86. Plaintiffs' claims are barred, in whole or in part, by waiver, estoppel, and/or laches.

87. Dynadot incorporates by reference all affirmative or other defenses pled by any other defendant to the fullest extent that they are applicable to them.

88. Defendant incorporates and hereby asserts all affirmative defenses set forth in Fed. R. Civ. P. 8 and 12 as if fully set forth herein, and every other defense and legal theory constituting an avoidance or defense to liability pursuant to statute or the common law which may become applicable as discovery progresses in this matter. Dynadot does

not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Dynadot respectfully request that judgment be entered against Plaintiffs as follows:

A. That Plaintiffs' Complaint be dismissed with prejudice;

B. That Plaintiffs take nothing;

C. Awarding Dynadot its costs and attorneys' fees under A.R.S. §§ 12-341, 12-341.01, 12-349, 44-404, and any other applicable statute, rule or agreement; and

D. Awarding such other and further relief as the Court deems just and proper.

DATED this 12th day of December, 2022.

GALLAGHER & KENNEDY, P.A.

By: */s/ Kevin E. O'Malley*
Kevin E. O'Malley
Yusra B. Bokhari
2575 East Camelback Road
Phoenix, Arizona 85016-9225
*Attorneys for Defendant Dynadot, LLC*

1

## **CERTIFICATE OF SERVICE**

2

I certify that on this 12th day of December 2022, a PDF copy of the foregoing was

3

electronically transmitted to the Clerk of the Court using the CM/ECF System for filing

4

and transmittal of a Notice of Electronic Filing.

5

6

*/s/ Rona L. Miller*

7

8

9320784v1/41238-0001

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26