Haryle Kaldis (*admitted pro hac vice*)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA  19103
Telephone: (215) 665-5559
Email:          hkaldis@cozen.com

Attorneys for Defendants
GoDaddy Inc. and GoDaddy.com, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| True Names, Ltd. d/b/a Ethereum Name Service, a Singapore corporation, and Virgil Griffith, an individual<br><br>Plaintiffs,<br><br>v.<br><br>GoDaddy, Inc., a Delaware corporation, and GoDaddy.com LLC, a Delaware corporation, Dynadot LLC, a California corporation, and Manifold Finance, Inc., a Delaware corporation.<br><br>Defendants. | No.: 2:22-cv-01494-JJT<br><br>**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

1

## I.     INTRODUCTION

2      Defendants GoDaddy.com, LLC ("GoDaddy") and GoDaddy Inc. (collectively,

3  "Defendants") respectfully request that this Court grant their Motion to Dismiss Plaintiffs True

4  Names, Ltd. ("True Names") and Virgil Griffith's ("Griffith") (collectively, "Plaintiffs")

5  Amended Complaint ("FAC"), Doc. 49, because the FAC fails to state a claim against

6  Defendants. Plaintiffs sued the wrong entity, as Plaintiffs registered the domain name at issue,

7  eth.link (the "Domain") with Uniregistry, **not Defendants**. Moreover, Plaintiffs' own exhibits

8  to the FAC show that Plaintiffs are responsible for Griffith's failure to renew the Domain.

9  Plaintiffs' Opposition, Doc. 58, offers no allegations or authority to remedy these foundational

10  defects in Plaintiffs' claims, and thus Plaintiffs' claims must be dismissed with prejudice.

11

## II.     ARGUMENT

12

### A.     Plaintiffs' Contract Claim Must Be Dismissed With Prejudice

13

#### 1.     Plaintiffs Registered The Domain With Uniregistry, Not Defendants

14      Plaintiffs do not dispute that the Domain was registered with Uniregistry—not

15  Defendants. *See* Doc. 50 at 7; Doc. 58 at 2. As a result, Plaintiffs named the wrong entities as

16  defendants, and their claims against Defendants must be dismissed with prejudice. In an effort

17  to avoid this insurmountable defect with their claims, Plaintiffs contend they can assert a

18  contract claim against Defendants because GoDaddy Inc. "acquired Uniregistry." Doc. 58 at

19  6.[1] That bare allegation does not give rise to a contract claim against GoDaddy or GoDaddy

20  Inc. related to the alleged registration of the Domain with Uniregistry. *See CrossFit Inc. v.*

21  *Martin*, 2017 WL 4224093, at *6 (D. Ariz. Sept. 22, 2017) (dismissing contract claims where

22  defendant was not a party to the agreement and plaintiff failed to show that defendant "was

23  somehow liable for its breach through, for example, the doctrines of alter ego or piercing the

24

---

25  [1] Plaintiffs erroneously assert that Defendants "do[] not dispute" numerous allegations in the
26  FAC. *See, e.g.*, Doc. 58 at 6. Defendants obviously dispute Plaintiffs' allegations, but on a
    Rule 12(b)(6) motion to dismiss, the Court accepts as true the well-pled factual allegations in
27  the FAC, to the extent they do not contradict the exhibits attached thereto. That standard does
    not somehow give rise to any admission, and Plaintiffs are wrong to suggest otherwise. As set
28  forth in the Motion and herein, the FAC does not state a plausible claim against Defendants.

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1  corporate veil."). To the extent Plaintiffs now suggest that Defendants "are affiliated with and

2  control Uniregistry," Doc. 58 at 14–15, the FAC is devoid of any allegations supporting this

3  unfounded assertion. Indeed, Plaintiffs tacitly acknowledge they have not (and cannot) allege

4  any facts to support an alter ego or veil-piercing theory against Defendants. *See* Doc. 58 at 5.

5  Simply put, Plaintiffs' invitation to disregard corporate forms where there are separate, distinct

6  legal entities—based solely on Plaintiffs' conclusory assertions—must be rejected. *See Agency*

7  *for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 140 S. Ct. 2082, 2083 (2020) ("[A]s a matter of

8  American corporate law, separately incorporated organizations are separate legal units with

9  distinct legal rights and obligations.").[2]

10        Plaintiffs also suggest, in conclusory fashion, that they stated a contract claim because

11  Defendants allegedly "took actions that only a party to the contract could be able to take,"

12  namely that "at least one of these GoDaddy entities published the notice on August 25, 2022"

13  stating that the Domain would return to the registry. *See* Doc. 58 at 6. Plaintiffs cite no

14  authority for this unfounded theory. Plaintiffs also overlook the fact that the alleged actions

15  took place two months ***after*** the Domain expired on July 26, 2022 (and as discussed below,

16  after any alleged grace period for renewal ended). By its terms, the Uniregistry Registration

17  and Service Agreement (the "Uniregistry Agreement") allowed the Domain to "be listed and

18  promoted as available for auction" after its expiration. Doc. 54-1 § 2.9.[3] The bare allegation

19  that the Domain was identified as available for auction after the Domain expired does not

20  somehow give rise to a contract claim against Defendants.

21        Finally, Plaintiffs' assertion that they should now be allowed to add Uniregistry as an

22  additional defendant, Doc. 58 at 7, misses the mark for several reasons. *First*, as set forth in

23  the Motion and further addressed below, any purported contract claims against Uniregistry

24  also fail under the plain terms of the Uniregistry Agreement. Doc. 50 at 8–10. Thus, Plaintiffs'

25  _____

26  [2] Plaintiffs' alternative effort to assert a claim under GoDaddy's Domain Name Registration
    Agreement ("DNRA") is puzzling, *see* Doc. 58 at 6, as Plaintiffs allege the Domain was
27  registered with Uniregistry (not GoDaddy) at all relevant times. *See* Doc. 24 ¶ 21, 24-3, 24-7.

28  [3] Plaintiffs concede that the version of the Uniregistry Agreement in Defendants' Request for
    Judicial Notice (*see* Doc. 52, 54), controls in resolving this Motion. *See* Doc. 58 at 7.

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1   contract claim should be dismissed with prejudice. *Second*, Plaintiffs failed to amend the FAC

2   within 21 days after service of the Motion, *see* Fed. R. Civ. P. 15(a)(1)(B), and Plaintiffs never

3   requested Defendants' consent or the Court's leave to file an amended complaint, *see* Fed. R.

4   Civ. P. 15(a)(2). Given (a) Plaintiffs' improper efforts to name the wrong entities, (b) their

5   failure to name Uniregistry as a defendant despite attaching the Uniregistry Agreement to the

6   FAC, and (c) their failure to seek leave to amend the FAC, Plaintiffs should not be permitted

7   to belatedly amend their pleading again, and require Defendants to engage in yet another round

8   of motion practice. *Third*, Plaintiffs simply have no basis to bring any claim against

9   Defendants given that Plaintiffs allege they registered the Domain with Uniregistry, not

10  Defendants. Accordingly, Plaintiffs' claims should be dismissed with prejudice.

11              **2.      Plaintiffs Cannot Allege The Domain Was Renewed On Their Behalf**

12          Many of Plaintiffs' arguments hinge on the vague allegation that the Domain "was

13  renewed on July 31, 2022."[4] Doc. 58 at 5. Plaintiffs now suggest that because the FAC alleges

14  the Domain "was renewed," it is reasonable to infer that the Domain was somehow renewed

15  on Plaintiffs' behalf after it expired on July 26, 2022. Doc. 58 at 5. Plaintiffs' assertions are

16  flatly contradicted by their own exhibits and the Uniregistry Agreement, which render

17  Plaintiffs' allegations implausible.

18          Plaintiffs did not—and could not—allege that Griffith or anyone acting on his behalf

19  renewed the Domain on July 31, 2022. *See generally* Doc. 24. Plaintiffs' own exhibits show

20  they failed to renew the Domain on this date or thereafter. *See* Doc. 24-4 (Plaintiffs' counsel's

21  August 3, 2022 email conceding that Griffith "is unfortunately in Allenwood federal

22  penitentiary and cannot renew the domain himself"); Doc. 24-5 ("the registration for [the

23  Domain] expired on July 26, 2022," and as of August 25, 2022, the Domain was "progressing

24  through the standard expiry lifecycle"); Doc. 24-6 (Plaintiffs' counsel's September 1, 2022

25  letter stating that True Names "has been working around the clock since GoDaddy's August

26  25 statement … to try to renew the domain without delay"). Plaintiffs do not allege they took

27

28  ---
    [4] The FAC alleges the Domain was renewed on July 26, 2022, but Plaintiffs claimed for the
    first time in their Opposition that the Domain renewed on July 31, 2022. Doc. 58 at 2 n.2.

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1     any steps to renew the Domain before it expired on July 26, 2022, or that they contacted

2     Uniregistry to renew the Domain after it expired. Plaintiffs chose to attach these documents to

3     their FAC and make them part of the pleadings. *Bowler v. Wells Fargo Bank, N.A.*, 2020 WL

4     4260505, at *3 (D. Ariz. July 24, 2020) ("[a] copy of a written instrument that is an exhibit to

5     a pleading is a part of the pleading for all purposes," including notes, correspondence, and

6     other writings). Because the Court is not "required to accept as true allegations that contradict

7     exhibits attached to the Complaint," Plaintiffs' own exhibits render their allegations

8     implausible. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

9             Moreover, the mere fact that Plaintiffs vaguely allege the Domain "was renewed" on

10    July 31, 2022, does not, without more, plausibly suggest that the Domain was renewed **on**

11    **Plaintiffs' behalf**. Rather, the Uniregistry Agreement expressly provides that after a domain

12    registration expires, Uniregistry "may, at our discretion, **elect to assume registration** and may

13    hold it for our own account, delete it or transfer it to a third party." Doc. 54-1 § 2.9 (emphasis

14    added); *see id.* (Uniregistry may "elect[] to maintain the domain name beyond expiration," and

15    thereafter it may "be listed and promoted as available for auction."). Indeed, Plaintiffs' own

16    exhibits suggest that is what happened here. Doc. 24-6 (alleging that "GoDaddy itself appeared

17    to have renewed eth[.]link on or around July 26, 2022"). Thus, the bare allegation that the

18    Domain registration was maintained after it expired on July 26, 2022, does not, without more,

19    nudge Plaintiffs' claim "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556

20    U.S. 662, 683 (2009) (citation omitted).

21            Nor can Plaintiffs plausibly suggest that the Domain was automatically renewed on July

22    31, 2022—that is, five days after it expired on July 26, 2022. *First*, as explained in the Motion,

23    the FAC fails to allege that Griffith set the Domain to renew automatically, or that Uniregistry

24    was able to successfully take payment from the payment method Griffith had on file for the

25    Domain prior to its expiration. Doc. 50 at 9. Absent either condition, the Uniregistry

26    Agreement makes clear that a Domain will *not* be automatically renewed. Doc. 54-1 § 2.9.

27            *Second*, as explained above, Plaintiffs' own exhibits contradict their suggestion that the

28    Domain was automatically renewed on July 31, 2022 on Griffith's behalf, as Plaintiffs

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1   repeatedly acknowledged they had not renewed the Domain for months after this date. *E.g.*,

2   Doc. 24-4 – 24-6. Plaintiffs cannot use conclusory allegations to evade documents they

3   attached to the FAC. *See Bowler*, 2020 WL 4260505, at \*3 ("the Court need not accept as true

4   allegations that contradict exhibits" attached to a complaint); *Collins v. Wells Fargo Bank*,

5   2013 WL 3808097, at \*7 (D. Ariz. July 23, 2013) ("Where a plaintiff's own allegations are

6   contradicted by other documents and matters asserted, relied upon, or incorporated by

7   reference by plaintiff in the complaint, the district court is not obligated to accept the

8   complaint's allegation as true in deciding a motion to dismiss.").

9       *Third*, the Uniregistry Agreement forecloses Plaintiffs' new claim that the Domain was

10  renewed on their behalf. That document states that, if a registrant set a domain to renew

11  automatically, Uniregistry "will attempt to charge your default payment instrument

12  approximately 30 days prior to the expiration of the service." Doc. 54-1 § 2.9. Nowhere does

13  the Uniregistry Agreement suggest that automatic renewals would occur *after* the expiration

14  of a domain. To the contrary, the Uniregistry Agreement makes clear that if a customer fails

15  to renew a domain "prior to its expiration," then the "registration will expire as of its expiration

16  date and we may, at our discretion, elect to assume the registration and may hold it for our

17  own account, delete it or transfer it to a third party." *Id.* Accordingly, the Uniregistry

18  Agreement renders Plaintiffs' allegations regarding automatic renewal utterly implausible.

19          **3.      Plaintiffs Fail To State A Claim Under The Uniregistry Agreement**

20      In their Opposition, Plaintiffs raised three new, unpled, alleged contractual breaches.

21  Doc. 50 at 7–8. As an initial matter, "it is axiomatic that the complaint may not be amended

22  by the briefs in opposition to a motion to dismiss." *Berenter v. City of Glendale*, 2017 WL

23  2730763, at \*3 (D. Ariz. June 26, 2017) (brackets and citation omitted). Plaintiffs failed to

24  raise these claims in their FAC, and did not amend the FAC in response to the Motion or

25  otherwise seek leave to amend. Thus, these new claims must also be dismissed on their face.

26  ///

27  ///

28  ///

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1   　　In any event, the Uniregistry Agreement refutes Plaintiffs' purported new claims, and

2   thus they should be dismissed with prejudice.[5] *First*, Plaintiffs allege that Defendants failed to

3   abide by a discretionary 30-day grace period to renew the Domain in Section 2.9 of the

4   Uniregistry Agreement. Doc. 58 at 8–9 (quoting Doc. 54-1 § 2.9). As set forth in the Motion,

5   Plaintiffs' own exhibits demonstrate that the Domain expired on July 26, 2022. Doc. 50 at 8.

6   As such, any purported grace period would have lapsed on August 25, 2022, and Plaintiffs

7   allege the Domain was sold *after* that time, on September 3, 2022. Plaintiffs do not allege they

8   contacted Uniregistry to try to renew the Domain at any point during this period.[6] Moreover,

9   the Uniregistry Agreement expressly states that an expired domain "may be listed and

10  promoted as available for auction" during the alleged 30-day grace period. Doc. 54-1 § 2.9.

11  After the grace period expired on August 25, 2022, the Uniregistry Agreement also expressly

12  permitted the Domain to be sold at any such auction, and made clear that the Domain "will not

13  remain available for renewal by you after our stated grace period." *Id.* Accordingly, Plaintiffs'

14  contract claim based on this provision fails as a matter of law.

15  　　*Second*, Plaintiffs newly allege purported violations of Sections 2.9 and 2.12 of the

16  Uniregistry Agreement because "a third party may only purchase a domain from an auction if

17  that domain has not been renewed" and "GoDaddy had no justification for taking the Domain

18  away from Plaintiffs." Doc. 58 at 8.[7] But Plaintiffs' claims fail for the same reasons as its other

19

20

21  [5] Plaintiffs concede the Uniregistry Agreement is clear and unambiguous. *See* Doc. 58 at 7–8 (characterizing the Uniregistry Agreement's provisions as "unambiguous"); *id.* at 8

22  (describing "the contract's clear language"). Thus, "its interpretation is a question of law for the court." *ELM Ret. Ctr., LP v. Callaway*, 246 P.3d 938, 942 (Ariz. Ct. App. 2010); *accord*

23  *Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir. 2000) ("Resolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous.").

24

25  [6] Plaintiffs did not explain why their alleged attempts to renew the Domain were limited to sending two unanswered emails to a single GoDaddy employee, rather than contacting

26  Uniregistry. *See generally* Doc. 58. Plaintiffs' decision is particularly puzzling given that GoDaddy was not the Domain registrar, and this employee had no responsibility for domain

27  name registrations or renewals. *See* Doc. 50 at 4, 9.

28  [7] Plaintiffs' newly raised claim under Section 2.12 also fails because that provision does not create an obligation Uniregistry (or Defendants) can "breach." Rather, this section reserves

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1  contract claims. As a threshold matter, and as discussed in Section II.A.1., *supra*, Plaintiffs

2  sued the wrong entity—Plaintiffs allege they registered the Domain with Uniregistry, not

3  Defendants. Nothing in the FAC plausibly suggests that Defendants "[took] the Domain away

4  from Plaintiffs," or indeed, that Defendants took any action directed at Plaintiffs. *See* Doc. 58

5  at 8. At best, the allegations in the FAC and attached exhibits merely show that: (a) the Domain

6  had a different registrar, Uniregistry, (b) Plaintiffs did not renew the Domain before it expired,

7  and failed to contact Uniregistry after it expired, and (c) the Domain was sold at auction in

8  accordance with the terms of the Uniregistry Agreement. *See* Doc. 24, ¶¶ 21, 25–28; Doc. 24-

9  4 – 24-6. As such, Plaintiffs' exhibits establish that "Plaintiffs' right and interest in [the

10  Domain] cease[d] upon its expiration," and thus Uniregistry was well within its rights to

11  "assume the registration," "hold it for [Uniregistry's] own account," "list[] and [p]romote [the

12  Domain] as available for auction," and allow the Domain to be "acquired by the prevailing

13  party" in the auction. Doc. 54-1 § 2.9. Plaintiffs cannot state a contract claim against

14  Defendants, and the claim must be dismissed with prejudice.

15  **B.     The Implied Covenant Claim Must Be Dismissed With Prejudice**

16        Plaintiffs' Opposition largely recycles the same arguments for their implied covenant

17  claim and their contract claim, and their implied covenant claim should be dismissed for

18  similar reasons. For example, Plaintiffs assert they state a claim based on Defendants'

19  purported failure to "provide the registrant an opportunity to renew during the grace period."

20  Doc. 58 at 10. But as discussed in Section II.A.3., *supra*, even if Uniregistry exercised its

21  discretion to provide a renewal grace period, that alleged grace period expired *before* the

22  Domain was sold. Moreover, Plaintiffs do not contend that they even attempted to contact

23  Uniregistry to renew the Domain, during the grace period or otherwise. Thus, *even if* Plaintiffs

24  "were entitled to renew on July 31, 2022," as Plaintiffs now contend (Doc. 58 at 10), Plaintiffs'

25  claim fails because their own exhibits show that Plaintiffs failed to take any appropriate action

26  to renew the Domain on that date or thereafter.

27

28  Uniregistry's right, in its "sole discretion," to "deny, cancel, suspend, transfer or modify any domain name registration" for a number of non-exclusive reasons. Doc. 54-1 § 2.12.

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

More broadly, Plaintiffs do not—and cannot—allege that Defendants committed any acts that "thwarted Plaintiffs' ability to realize the benefit of the contract[.]" Doc. 58 at 9–10. Plaintiffs do not allege that Defendants or Uniregistry did *anything* to prevent Plaintiffs from renewing the Domain before it expired on July 26, 2022, or during any purported grace period that followed. Rather, Griffith did not renew the Domain because he was incarcerated, *see* Doc. 24-4, and Plaintiffs inexplicably did not contact Uniregistry—the registrar of the Domain—in the months that followed, *see* Doc. 24 ¶¶ 21, 25–28; Doc. 24-6. Plaintiffs cannot state an implied covenant claim against Defendants (or Uniregistry) based on their own blunders and failures to renew the Domain.

### C.      The Intentional Interference Claim Must Be Dismissed With Prejudice

As explained in the Motion, Plaintiffs cannot state a claim for intentional interference because they cannot plausibly allege that Defendants (or Uniregistry): (a) had any knowledge of Plaintiffs' business expectancy at the time the Domain expired, or (b) committed an intentionally wrongful act to disrupt Plaintiffs' relationship with a third party. Doc. 50 at 12–13. In their Opposition, Plaintiffs now assert that Defendants "possessed the requisite knowledge" based on Plaintiffs' September 1, 2022 letter to GoDaddy, and that GoDaddy's "refusal to respond" to this letter and "provision of the Domain to Dynadot" on September 3, 2022 "constitute intentionally wrongful acts." Doc. 58 at 11–12. Plaintiffs' arguments fail on their face—these dates and occurrences all came *after* the Domain expired on July 26, 2022, and *after* any alleged grace period expired on August 25, 2022.

Accordingly, as of the alleged sale of the Domain in September 2022, Plaintiffs' "right and interest in [the Domain had] ceas[ed]," and the Domain could be "listed and promoted as available for auction," "sold during any such auction," and "acquired by the prevailing party." Doc. 54-1 § 2.9. Plaintiffs cannot plausibly allege a wrongful act based on conduct *expressly authorized* under the Uniregistry Agreement. *See*, *e.g.*, *Smith v. Chrysler Grp. LLC*, 2014 WL 1577515, at *11 (D. Ariz. Apr. 19, 2014) (granting motion to dismiss because "[a]lthough [defendant] intentionally caused the termination of [plaintiff's] contractual relationship with the [third party], it cannot be said that [defendant] tortuously interfered with the contract when

1   it exercised a power expressly granted to it by the contract"). This claim must be dismissed

2   with prejudice.

3         **D.**      **Plaintiffs' Unfair Competition Claim Must Be Dismissed With Prejudice**

4         Plaintiffs' Opposition completely ignores that, to the extent an unfair competition claim

5   is cognizable under Arizona law at all (an open question), it is limited to tort claims based on

6   "trademark infringement, false advertising, 'palming off,' and misappropriation." *See* Doc. 58

7   at 14; *Joshua David Mellberg LLC v. Will*, 96 F. Supp. 3d 953, 963 (D. Ariz. 2015) (the

8   "central tort" for unfair competition claims is "palming off," that is, "a false representation

9   tending to induce buyers to believe that the defendant's product is that of the plaintiff.")

10   (citation omitted). Plaintiffs' allegations are simply not the type of claims that give rise to an

11   unfair competition claim. *See id.* at 985 (unfair competition claim under Arizona law does not

12   encompass claims based on conversion and trespass). Indeed, Plaintiffs' own case law shows

13   that unfair competition claims are so limited.[8] Because Plaintiffs' allegations are utterly

14   divorced from the tort theories that give rise to an unfair competition claim, the claim must be

15   dismissed with prejudice as a matter of law. *See Doe v. Arizona Hosp. & Healthcare Ass'n*,

16   2009 WL 1423378, at \*12 (D. Ariz. Mar. 19, 2009) (dismissing unfair competition claim

17   because the complaint failed to "allege trademark infringement, false advertising, palming off,

18   misappropriation, or anything else that has been found to constitute unfair competition).[9]

19         **E.**      **Plaintiffs' Conversion Claim Must Be Dismissed With Prejudice**

20         As set forth in the Motion, a domain registration is intangible property that is not

21   merged in or identified with a document, and thus cannot be the subject of a conversion claim

22

---

[8] *See e.g., Fullips LLC v. Liptiful LLC*, 2015 WL 11118119, at \*3 (D. Ariz. Oct. 22, 2015)
23   (unfair competition claim based on misleading advertising of competing product, which
caused the public to "have been misled as to which product was the original"); *Pestube Sys.,
24   Inc. v. HomeTeam Pest Def., LLC.*, 2006 WL 1441014, at \*4 (D. Ariz. May 24, 2006) (unfair
25   competition claim based on deceptive advertisements misrepresenting that competing product
was patented in order to deceive the public).

26   [9] Moreover, as addressed in the Motion (Doc. 50 at 15) and in Section II.A.3., *supra*, Plaintiffs
27   cannot show that Defendants conducted business "contrary to the honest practice in industrial
or commercial matters," based on Plaintiffs' own failure to renew the Domain before its
28   expiration, and their failure to contact Uniregistry even after the Domain expired.

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

under Arizona law. Doc. 50 at 15–16. In their Opposition. Plaintiffs argue that courts in other jurisdictions, primarily applying California law, have held that a domain can be the subject of a conversion claim, notwithstanding that it is intangible property. Doc. 58 at 16. Plaintiffs' heavy reliance on California law is misplaced—unlike Arizona, "California does not follow the *Restatement*'s strict requirement that some document must actually represent the owner's intangible property right." *Kremen v. Cohen*, 337 F.3d 1024, 1033 (9th Cir. 2003).

Arizona, in contrast, ***follows*** the Restatement's merger requirement, as set forth in the Restatement (Second) of Torts § 242 (1965). *See e.g.*, *AdVnt Biotechnologies, LLC v. Bohannon*, 2007 WL 1875670, at *2 (D. Ariz. June 28, 2007) (recognizing that Arizona "follows the Restatement approach to intangible property" for purposes of a conversion claims); *accord Andrich v. Banner Univ. Med. Ctr.*, 2022 WL 16753311, at *3 (Ariz. Ct. App. Nov. 8, 2022) (applying Section 242 to conclude that medical records are not subject to a conversion claim under Arizona law); *Miller v. Hehlen*, 104 P.3d 193, 203 (Ariz. Ct. App. 2005) (applying Section 242 to conclude that a customer list is not subject to conversion claim under Arizona law). As such, Plaintiffs cannot use California law to save their claim. *See AdVnt Biotechnologies*, 2007 WL 1875670, at *3.[10] Indeed, courts that follow the Restatement have concluded that domain names ***cannot*** be the subject of a conversion claim.[11] Because

---

[10] Similarly, Plaintiffs' reliance on New York law is misplaced. *See Barton & Assocs. Inc. v. Trainor*, 507 F. Supp. 3d 1163, 1171 (D. Ariz. 2020) (contrasting conversion claims under Arizona law, which has a stricter merger requirement, with conversion claims under New York law, which has "expanded the tort of conversion to include intangible property such as electronic documents").

[11] *See e.g.*, *Xereas v. Heiss*, 933 F. Supp. 2d 1, 7 (D.D.C. 2013) (applying Maryland law to conclude that domain names were not "merged in any tangible documents" and therefore not properly the subject of a conversion claim); *Life After Hate, Inc. v. Free Radicals Project, Inc.*, 2019 WL 2644237, at *8 (N.D. Ill. June 27, 2019) ("Illinois courts do not recognize conversion claims for trademarks or digital property like domain names"); *Famology.com Inc. v. Perot Sys. Corp.*, 158 F. Supp. 2d 589, 591 (E.D. Pa. 2001) (dismissing conversion claim under Pennsylvania law because "domain names are not the kind of intangible rights which are customarily merged in, or identified with some document").

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1 domain registrations are not merged in nor identified with any document, Plaintiffs'

2 conversion claim fails as a matter of law.[12]

3 **F.      The FAC Fails To Comply With Fed. R. Civ. P. 8**

4 Plaintiffs' Opposition does not dispute that the FAC simply lumps together GoDaddy

5 and GoDaddy Inc., and fails to make any discrete allegations against either Defendant. *See*

6 Doc. 58 at 17. Instead, Plaintiffs oddly suggest that, because Defendants prepared a motion to

7 dismiss, the FAC necessarily satisfies Rule 8. *See id.* The fact that Plaintiffs' claims are

8 woefully deficient and subject to dismissal for failure to state a claim does not somehow excuse

9 Plaintiffs from having to comply with Rule 8, and does not allow Plaintiffs to impermissibly

10 take a shotgun pleading approach. *See* Doc. 50 at 16–17.

11 Plaintiffs' reliance on *Robles v. City of Tolleson*, 2019 WL 1150963 (D. Ariz. Mar. 13,

12 2019) is also misplaced. First, the complaint at issue in *Robles* was prepared by a *pro se*

13 plaintiff, *id.* at 1, and "[a] pro se plaintiff's pleadings are construed liberally." *See Gulden v.*

14 *Liberty Home Guard LLC*, 2021 WL 689912, at *2 (D. Ariz. Feb. 23, 2021). Here, Plaintiffs

15 are represented by counsel, and thus, there is no liberal construction of the FAC that would

16 excuse their failure to comply with Rule 8. Moreover, *Robles* involved claims against a single

17 defendant, and thus, the pleading did *not* impermissibly lump together multiple defendants.

18 **III.   CONCLUSION**

19 Defendants respectfully ask that this Court dismiss the FAC with prejudice.

20 ///

21 ///

22 ///

23 ///

24

---

25 [12] Additionally, Plaintiffs' recycled arguments, *see* Doc. 58 at 14–15, fail for the reasons

26 discussed above. Plaintiffs (a) cannot bring a conversion claim against Defendants because they allege Uniregistry (not GoDaddy) was the Domain registrar (and GoDaddy Inc. is not

27 even a registrar), and (b) cannot contradict the exhibits they attached to the FAC showing that

28 Plaintiffs had no right to immediate possession of the Domain at the time of the alleged conversion because the Domain had already expired.

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1

2    Dated:  January 31, 2023                    **COZEN O'CONNOR**
                                                Haryle Kaldis (*admitted pro hac vice*)
3
                                                By:  *s/Haryle Kaldis*
4                                                     Haryle Kaldis

5                                                Attorneys for Defendant

6                                                GODADDY INC. and GODADDY.COM,
                                                LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1

## <u>CERTIFICATE OF SERVICE</u>

2      The undersigned hereby certifies, under penalty of perjury under the laws of the State

3  of Arizona that I electronically filed the foregoing document with the Clerk of the Court using

4  the CM/ECF system which will send notification of such filing to the following:

5

6  Justin Kingsolver                     Warrington S. Parker, III
   Alexander Urbelis                     Jacob Canter
7  CROWELL & MORING LLP                  Katie Lee
   1001 Pennsylvania Ave., N.W., Suite 1100   CROWELL & MORING LLP
8  Washington, DC 20004                  3 Embarcadero Center, Suite 2600
   Tel:  (202) 624-2500                  San Francisco, CA 94111
9  Fax:  (202) 628-5116                  Tel:  (415) 986-2800
   JKingsolver@crowell.com               Fax:  (415) 986-2827
10 AUrbelis@crowell.com                  WParker@crowell.com
   APruitt@crowell.com                   JCanter@crowell.com
11                                       KatLee@crowell.com
   Counsel for Plaintiffs
12                                       Counsel for Plaintiffs

13 Kevin E. O'Malley                     Alexander R. LaCroix
   Yusra B. Bokhari                      John C. Gray
14 GALLAGHER & KENNEDY PA                LEWIS ROCA ROTHGERBER
   2575 E. Camelback Road, Suite 1100    CHRISTIE LLP
15 Phoenix, AZ 85016                     201 E. Washington Street, Suite 1200
   kevin.omalley@gknet.com               Phoenix, AZ 85004
16 yusra.bokhari@gknet.com               alacroix@lewisroca.com
                                         jgray@lewisroca.com
17 Counsel for Dynadot LLC
                                         Counsel for Manifold Finance, Inc.
18

19

20      SIGNED AND DATED this 31st day of January, 2023 at Philadelphia, Pennsylvania.

21

22                              COZEN O'CONNOR

23

                               By:  *s/ Haryle Kaldis*
24                                   Haryle Kaldis

25

26

27

28

13
**GODADDY INC. AND GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**