Jeffrey M. Monhait (*admitted pro hac vice*)
Haryle Kaldis (*admitted pro hac vice*)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA  19103
Telephone:    (215) 665-2084
                      (215) 665-5559
Email:          jmonhait@cozen.com
                      hkaldis@cozen.com

Attorneys for Defendants
GoDaddy Inc. and GoDaddy.com, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

ENS Labs, Ltd., a Singapore corporation, and Virgil Griffith, an individual,

Plaintiffs,

v.

GoDaddy, Inc., a Delaware corporation, GoDaddy.com LLC, a Delaware corporation, Dynadot LLC, a California corporation, and Manifold Finance, Inc., a Delaware corporation,

Defendants.

No.: 2:22-cv-01494-JJT

**DEFENDANTS GODADDY.COM, LLC AND GODADDY INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendants GoDaddy.com, LLC ("GoDaddy") and GoDaddy Inc. (collectively, "Defendants") hereby submit their answer to the allegations in the First Amended Complaint ("FAC") of Plaintiffs ENS Labs, Ltd. ("ENS Labs") and Virgil Griffith ("Griffith") (collectively, "Plaintiffs").  The paragraphs of the FAC are grouped under headings and subheadings that state legal conclusions as to which no response is required, and to the extent any response is required, Defendants deny any allegations contained within such headings or subheadings.  Except as explicitly admitted herein, each and every allegation of the FAC is denied.  Defendants further answer the numbered paragraphs of the FAC on personal knowledge as to their own respective activities, and on information and belief as to the activities of others, as follows:

## RESPONSE TO PLAINTIFFS' INTRODUCTION

1.    This paragraph consists of legal conclusions and argument to which no response is required.  To the extent this paragraph contains factual allegations, those allegations are denied. By way of further response, the exhibits attached to the FAC show that the registration for the domain name eth.link (the "Domain") expired because Griffith failed to renew the registration, as he was in (and on information and belief, remains in) federal prison.  *See* Doc. 24-4.  Further, Plaintiffs mischaracterized a publicly available statement located in the Newsroom section of GoDaddy's website, accessible at https://aboutus.godaddy.net/newsroom/company-news/news-details/2022/GoDaddy-Statement-on-eth.link-Domain-Registration/default.aspx (last accessed August 15, 2023), and attached to the FAC.  *See* Doc. 24-5.  That statement speaks for itself, and Defendants deny Plaintiffs' characterizations of that statement.

2.    This paragraph consists of legal conclusions and argument to which no response is required.  To the extent this paragraph contains factual allegations, those allegations are denied.  By way of further response, at all relevant times prior to its expiration, the Domain was registered with Uniregistry.  Plaintiffs concede that their relationship with Uniregistry is governed by, among other terms of service agreements, Uniregistry's Registration and Service Agreement (the "RSA").  The RSA makes clear that "[i]n the event that you fail to renew your

1

domain name prior to its expiration, your registration will expire as of its expiration date and we may, at our discretion, elect to assume the registration and may hold it for our own account, delete it or transfer it to a third party.  You understand and agree that your right and interest in a domain name ceases upon its expiration and that any expired domain name may be made available for registration or transfer to another party." Doc. 54-1 at § 2.9.  An expired domain name "may be listed and promoted as available for auction," and "[i]f the name is sold during any such auction, it will be acquired by the prevailing party and will not remain available for renewal by you." *See id.*

3.    Defendants admit only the following: the internet is a network of interconnected computers.  *See Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 18–19 (1st Cir. 2001).  Each computer connected to the internet has a unique numeric address, known as an Internet Protocol or "IP" address.  *See Am. Online, Inc. v. Huang*, 106 F. Supp. 2d 848, 851 (E.D. Va. 2000); *Lockheed Martin Corp. v. Network Sols., Inc.*, 985 F. Supp. 949, 952 (C.D. Cal. 1997), *aff'd*, 194 F.3d 980 (9th Cir. 1999).  The strings of numbers that make up IP addresses are difficult to remember, so the "Domain Name System" was created to allow a more easily remembered word or phrase—the "domain name"—to be associated with an IP address.  *See Am. Online*, 106 F. Supp. 2d at 851; *Lockheed*, 985 F. Supp. at 952.  The remaining allegations of this paragraph are denied.

4.    Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied.

5.    Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied.

6.    Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, those allegations are denied.

7.    Admitted only that Plaintiffs purport to quote and characterize the contents of a publicly available statement located in the Newsroom section of GoDaddy's website, accessible           at           https://aboutus.godaddy.net/newsroom/company-news/news-details/2022/GoDaddy-Statement-on-eth.link-Domain-Registration/default.aspx           (last

accessed August 15, 2023), and attached to the FAC.  *See* Doc. 24-5.  That statement speaks for itself, and Defendants deny Plaintiffs' characterizations of that statement.  Similarly, GoDaddy's Domain Name Registration Agreement ("DNRA") is a written document that speaks for itself.  Defendants deny Plaintiffs' characterizations of the DNRA.  Defendants deny the remaining allegations in this paragraph.  By way of further response, Plaintiffs named the wrong entities as defendants, as Plaintiffs did not register the Domain with Defendants.  At all relevant times prior to its expiration, the Domain was registered with Uniregistry.  Further, the exhibits attached to the FAC show that the registration for the Domain expired because Griffith failed to renew the registration, as he was in (and on information and belief, remains in) federal prison.  *See* Doc. 24-4.

8.      Defendants deny the allegations of this paragraph.

9.      Defendants deny the allegations of this paragraph.

**RESPONSE TO PLAINTIFFS' DESCRIPTION OF THE PARTIES**

10.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

11.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

12.     Admitted only that GoDaddy Inc. is incorporated in Delaware with its principal place of business located in Tempe, Arizona.  By way of further response, GoDaddy Inc. is not a domain name registrar.  GoDaddy Inc.'s Form 10-K is a written document that speaks for itself.  To the extent that this paragraph purports to summarize or interpret that document, those allegations are denied.  Defendants deny the remaining allegations of this paragraph.

13.     Admitted only that GoDaddy is a limited liability company with its principal place of business located in Tempe, Arizona.  As set forth in Defendants' Corporate Disclosure Statement, Doc. 48, GoDaddy is a wholly owned subsidiary of Go Daddy Operating Company, LLC, and GoDaddy Inc. is the sole managing member of GoDaddy's corporate grandparent.  GoDaddy is the world's largest domain name registrar.  *See* Doc. 50 at 2.

14.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

15.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

## RESPONSE TO PLAINTIFFS' DESCRIPTION OF JURISDICTION

16.    The allegations of this paragraph are legal conclusions to which no response is required.

## RESPONSE TO PLAINTIFFS' DESCRIPTION OF VENUE

17.    The allegations of this paragraph are legal conclusions to which no response is required.

## RESPONSE TO PLAINTIFFS' FACTUAL ALLEGATIONS

18.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.  By way of further response, GoDaddy incorporates by reference its response to Paragraph 3.

19.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

20.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

21.    Defendants lack sufficient information to admit or deny the allegations in the first sentence of this paragraph, and therefore, those allegations are denied.  Admitted only that at all relevant times prior to its expiration, the Domain was registered with Uniregistry, not Defendants.  Plaintiffs concede that their relationship with Uniregistry is governed by, among other agreements, the RSA.  The RSA is a written document that speaks for itself.  To the extent that this paragraph purports to summarize or interpret that document, those allegations are denied.

22.    Admitted only that any customer who registers a domain name with GoDaddy is required to agree to certain uniform agreements, including, but not limited to, the DNRA.  The DNRA is a written document that speaks for itself.  To the extent that this paragraph

purports to summarize or interpret the DNRA, those allegations are denied.  The remaining allegations of this paragraph are denied.

23.    Defendants deny the allegations of this paragraph.

24.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

25.    This paragraph purports to characterize the contents of an email from non-party Uniregistry that is attached to the FAC.  *See* Doc. 24-7.  That document speaks for itself, and Defendants deny Plaintiffs' characterization of that document.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore, those allegations are denied.

26.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

27.    Defendants deny the allegations of this paragraph.  By way of further response, Plaintiffs named the wrong entities as defendants, as Plaintiffs did not register the Domain with Defendants.   Further, it is denied that Plaintiffs' counsel communicated with "GoDaddy"—an unspecified entity—as alleged in this paragraph.  According to Plaintiffs' exhibits to the FAC, Plaintiffs' counsel allegedly emailed a single GoDaddy employee who's responsibilities, according to Plaintiffs, appear to have been entirely unrelated to domain name renewals or general customer service. *See* Doc. 24-4, 24-8.

28.    Admitted only that the Domain registration expired on July 26, 2022.  This paragraph also purports to quote and characterize a publicly available statement located in the Newsroom section of GoDaddy's website, accessible at https://aboutus.godaddy.net/newsroom/company-news/news-details/2022/GoDaddy-Statement-on-eth.link-Domain-Registration/default.aspx (last accessed August 15, 2023), and attached to the FAC.  *See* Doc. 24-5.  That statement speaks for itself, and Defendants deny Plaintiffs' characterizations of that statement.  Defendants deny the remaining allegations of this paragraph.

29.     Defendants deny the allegations of this paragraph.  By way of further response, Plaintiffs did not have any alleged right to the Domain after it expired.  As set forth in the RSA, "You acknowledge and agree that your right and interest in a domain name ceases upon its expiration and that any expired domain name may be made available for registration or transfer to another party."  *See* Doc. 54 at § 2.9.

30.     Defendants deny the allegations of this paragraph.  This paragraph purports to characterize the contents of a letter sent by Plaintiffs' counsel that is attached to the FAC, and which consists of legal conclusions and arguments to which no response is required.  *See* Doc. 24-6.  Defendants deny Plaintiffs' characterizations of that letter, and Defendants deny the allegations and contentions in that letter.  By way of further response, Plaintiffs named the wrong entities as defendants, as Plaintiffs did not register the Domain with Defendants.  Further, this letter is dated September 1, 2022, more than thirty days after the Domain registration expired on July 26, 2022.

31.     Defendants deny the allegations of this paragraph.  This paragraph purports to characterize the contents of a letter sent by Plaintiffs' counsel that is attached to the FAC, and which consists of legal conclusions and arguments to which no response is required.  *See* Doc. 24-6.  Defendants deny Plaintiffs' characterizations of that letter, and Defendants deny the allegations and contentions in that letter.

32.     Defendants deny the allegations of this paragraph.  By way of further response, Plaintiffs named the wrong entities as defendants, as Plaintiffs did not register the Domain with Defendants.  Further, Plaintiffs' counsel's letter dated September 1, 2022 was sent more than thirty days after the Domain registration expired on July 26, 2022.

33.     Defendants deny the allegations of this paragraph. By way of further response, at all relevant times prior to its expiration, the Domain was registered with Uniregistry. Plaintiffs concede that their relationship with Uniregistry is governed by, among other agreements, the RSA.  The RSA makes clear that "[i]n the event that you fail to renew your domain name prior to its expiration, your registration will expire as of its expiration date and we may, at our discretion, elect to assume the registration and may hold it for our own account,

delete it or transfer it to a third party.  You understand and agree that your right and interest in a domain name ceases upon its expiration and that any expired domain name may be made available for registration or transfer to another party." Doc. 54-1 at § 2.9.  An expired domain name "may be listed and promoted as available for auction," and "[i]f the name is sold during any such auction, it will be acquired by the prevailing party and will not remain available for renewal by you." *See id.*

34.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

35.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

36.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

37.    This paragraph consists of legal conclusions and argument to which no response is required.

### DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' FIRST COUNT

38.    Defendants incorporate by reference the preceding paragraphs and responses as though set forth fully herein.

39.    Defendants deny the allegations of this paragraph.  The DNRA is a written document that speaks for itself.  To the extent that this paragraph purports to summarize or interpret the DNRA, those allegations are denied.  By way of further response, Plaintiffs named the wrong entities as defendants, as Plaintiffs did not register the Domain with Defendants.

40.    Defendants deny the allegations of this paragraph.  The DNRA is a written document that speaks for itself.  To the extent that this paragraph purports to summarize or interpret the DNRA, those allegations are denied.

41.    Defendants deny the allegations of this paragraph.  The DNRA is a written document that speaks for itself.  To the extent that this paragraph purports to summarize or interpret the DNRA, those allegations are denied.

42.     Defendants deny the allegations of this paragraph.  The DNRA is a written document that speaks for itself.  To the extent that this paragraph purports to summarize or interpret the DNRA, those allegations are denied.  This paragraph also consists of legal conclusions and argument to which no response is required.  To the extent this paragraph contains factual allegations, those allegations are denied.

43.     This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

44.     This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

45.     This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

### DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' SECOND COUNT

46.     Defendants incorporate by reference the preceding paragraphs and responses as though set forth fully herein.

47.     Defendants deny the allegations of this paragraph.  The DNRA is a written document that speaks for itself.  To the extent that this paragraph purports to summarize or interpret that document, those allegations are denied.

48.     Defendants deny the allegations of this paragraph.  By way of further response, Plaintiffs named the wrong entities as defendants, as Plaintiffs did not register the Domain with Defendants.  Further, the exhibits attached to the FAC show that the registration for the Domain expired because Griffith failed to renew the registration, as he was in (and on information and belief, remains in) federal prison.  *See* Doc. 24-4.

49.     Defendants deny the allegations of this paragraph.  By way of further response, Plaintiffs named the wrong entities as defendants, as Plaintiffs did not register the Domain with Defendants.  Further, the exhibits attached to the FAC show that the registration for the

Domain expired because Griffith failed to renew the registration, as he was in (and on information and belief, remains in) federal prison. *See* Doc. 24-4.

50.   This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

51.   This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

52.   This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

## DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' THIRD COUNT

53.   Defendants incorporate by reference the preceding paragraphs and responses as though set forth fully herein.

54.   Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore, those allegations are denied.

55.   This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

56.   This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

57.   This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

58.   This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

59.     This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

60.     This paragraph consists of legal conclusions and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

## DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' FOURTH COUNT

61.     Defendants incorporate by reference the preceding paragraphs and responses as though set forth fully herein.

62.     The Court dismissed Count 4 of the FAC with prejudice. Doc. 77. Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusions for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

63.     The Court dismissed Count 4 of the FAC with prejudice. Doc. 77. Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusions for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

64.     The Court dismissed Count 4 of the FAC with prejudice. Doc. 77. Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusions for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

65.     The Court dismissed Count 4 of the FAC with prejudice. Doc. 77. Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusions for which no response is required. To the extent

1   this paragraph contains factual allegations and a response is required, those allegations are
2   denied.

3        66.    The Court dismissed Count 4 of the FAC with prejudice.  Doc. 77.  Accordingly,
4   no response to this paragraph is required.  To the extent a response is required, the allegations
5   in this paragraph include legal conclusions for which no response is required.  To the extent
6   this paragraph contains factual allegations and a response is required, those allegations are
7   denied.

8        67.    The Court dismissed Count 4 of the FAC with prejudice.  Doc. 77.  Accordingly,
9   no response to this paragraph is required.  To the extent a response is required, the allegations
10  in this paragraph include legal conclusions for which no response is required.  To the extent
11  this paragraph contains factual allegations and a response is required, those allegations are
12  denied.

13       68.    The Court dismissed Count 4 of the FAC with prejudice.  Doc. 77.  Accordingly,
14  no response to this paragraph is required.  To the extent a response is required, the allegations
15  in this paragraph include legal conclusions for which no response is required.  To the extent
16  this paragraph contains factual allegations and a response is required, those allegations are
17  denied.

18       69.    The Court dismissed Count 4 of the FAC with prejudice.  Doc. 77.  Accordingly,
19  no response to this paragraph is required.  To the extent a response is required, the allegations
20  in this paragraph include legal conclusions for which no response is required.  To the extent
21  this paragraph contains factual allegations and a response is required, those allegations are
22  denied.

23       70.    The Court dismissed Count 4 of the FAC with prejudice.  Doc. 77.  Accordingly,
24  no response to this paragraph is required.  To the extent a response is required, the allegations
25  in this paragraph include legal conclusions for which no response is required.  To the extent
26  this paragraph contains factual allegations and a response is required, those allegations are
27  denied.

28

71.     The Court dismissed Count 4 of the FAC with prejudice.  Doc. 77.  Accordingly, no response to this paragraph is required.  To the extent a response is required, the allegations in this paragraph include legal conclusions for which no response is required.  To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

**DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' FIFTH COUNT**

72.     Defendants incorporate by reference the preceding paragraphs and responses as though set forth fully herein.

73.     The Court dismissed Count 5 of the FAC with prejudice.  Doc. 77.  Accordingly, no response to this paragraph is required.  To the extent a response is required, the allegations in this paragraph include legal conclusions for which no response is required.  To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

74.     The Court dismissed Count 5 of the FAC with prejudice.  Doc. 77.  Accordingly, no response to this paragraph is required.  To the extent a response is required, the allegations in this paragraph include legal conclusions for which no response is required.  To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

75.     The Court dismissed Count 5 of the FAC with prejudice.  Doc. 77.  Accordingly, no response to this paragraph is required.  To the extent a response is required, the allegations in this paragraph include legal conclusions for which no response is required.  To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

76.     The Court dismissed Count 5 of the FAC with prejudice.  Doc. 77.  Accordingly, no response to this paragraph is required.  To the extent a response is required, the allegations in this paragraph include legal conclusions for which no response is required.  To the extent this paragraph contains factual allegations and a response is required, Defendants lack

1  sufficient information to admit or deny the allegations in this paragraph and, therefore, those

2  allegations are denied.

3      77.    The Court dismissed Count 5 of the FAC with prejudice.  Doc. 77.  Accordingly,

4  no response to this paragraph is required.  To the extent a response is required, the allegations

5  in this paragraph include legal conclusions for which no response is required.  To the extent

6  this paragraph contains factual allegations and a response is required, Defendants lack

7  sufficient information to admit or deny the allegations in this paragraph and, therefore, those

8  allegations are denied.

9      78.    The Court dismissed Count 5 of the FAC with prejudice.  Doc. 77.  Accordingly,

10  no response to this paragraph is required.  To the extent a response is required, the allegations

11  in this paragraph include legal conclusions for which no response is required.  To the extent

12  this paragraph contains factual allegations and a response is required, those allegations are

13  denied.

14      79.    The Court dismissed Count 5 of the FAC with prejudice.  Doc. 77.  Accordingly,

15  no response to this paragraph is required.  To the extent a response is required, the allegations

16  in this paragraph include legal conclusions for which no response is required.  To the extent

17  this paragraph contains factual allegations and a response is required, those allegations are

18  denied.

19      80.    The Court dismissed Count 5 of the FAC with prejudice.  Doc. 77.  Accordingly,

20  no response to this paragraph is required.  To the extent a response is required, the allegations

21  in this paragraph include legal conclusions for which no response is required.  To the extent

22  this paragraph contains factual allegations and a response is required, those allegations are

23  denied.

24                    **RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

25      Defendants deny that Plaintiffs are entitled to any relief, and respectfully request that

26  Plaintiffs take nothing by way of the FAC, and that Defendants be awarded costs, attorneys'

27  fees, and any additional relief the Court deems just and proper.  Defendants further deny that

28

GODADDY.COM, LLC AND GODADDY INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT

Plaintiffs are entitled to a jury trial, but also demand a trial by jury in accordance with Rule 38(b) of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants set forth the following affirmative and other defenses, on personal knowledge as to their own actions and on information and belief as to the actions of others. By pleading these defenses, Defendants do not concede that they bear the burden of proof or persuasion on any claim or defense. Defendants reserve the right to assert additional defenses and counterclaims in the event that discovery or further investigation reveals such defenses or counterclaims as appropriate.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The FAC fails to state claims upon which relief may be granted.  Plaintiffs do not allege facts sufficient to state claims for breach of contract, breach of the covenant of good faith and fair dealing, or intentional interference with prospective economic advantage.

As a threshold matter, Plaintiffs named the wrong entities as defendants.  Plaintiffs did not register the Domain with Defendants, and thus, have no basis to bring any claims against Defendants.

There can be no breach of contract for conduct expressly authorized by contract.  The exhibits attached to the FAC show that the Domain registration expired because Griffith failed to renew the registration, as he was in (and on information and belief, remains in) federal prison. *See* Doc. 24-4.  The RSA—to which Plaintiffs concede they are bound—makes clear the consequences of a customer's failure to timely renew a domain name registration: "You acknowledge and agree that your right and interest in a domain name ceases upon its expiration and that any expired domain name may be made available for registration or transfer to another party." *See* Doc. 54 at § 2.9.

There can be no breach of the implied covenant of good faith and fair dealing without allegations of bad faith or conduct inconsistent with Plaintiffs' reasonable expectations.

Moreover, Plaintiffs' claims based on the implied covenant of good faith and fair dealing are contradicted by express terms in the RSA.

There can be no claim for intentional interference with prospective economic advantage absent factual allegations establishing that Defendants had knowledge of Plaintiffs' business expectancy at the time the Domain expired, and that Defendants committed an intentionally wrongful act to disrupt Plaintiffs' relationship with a third party.

### SECOND AFFIRMATIVE DEFENSE

### (No Damages or Harm)

Plaintiffs have no damages, or in the alternative, no damages attributable to any action or inaction by Defendants, and have suffered no actual harm and/or irreparable harm.

### THIRD AFFIRMATIVE DEFENSE

### (No Liability)

Defendants have no liability to Plaintiffs for their actions or inactions because Defendants were not the registrar for the Domain, and the alleged actions or inactions at issue were explicitly or implicitly permitted by the RSA and/or other applicable agreements, and/or by Plaintiff's own conduct.

### FOURTH AFFIRMATIVE DEFENSE

### (Comparative or Contributory Fault)

Plaintiffs' claims are barred in whole or in part due to their own negligence, or actions, or the comparative or contributory fault of others.  On information and belief, Plaintiffs failed to renew the Domain before it expired, and Plaintiffs engaged in essentially no efforts to renew the Domain for more than a month after it expired.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel/Waiver/Ratification)

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and/or waiver and/or ratification.

**SIXTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Plaintiffs assumed the risks at issue in this litigation.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendants' conduct was the result of good faith.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Any award to Plaintiffs in this action would constitute unjust enrichment.

**NINTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Interest)**

Plaintiffs' claims are barred in whole or in part because Defendants' conduct was lawful and undertaken in good faith for legitimate business and economic purposes.

**TENTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Plaintiffs' claims are barred in whole or in part because Plaintiffs acquiesced to the conduct of which it now complains.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to take actions to mitigate their damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

Plaintiffs' claims are barred in whole or in part because the alleged damages, if any, are speculative.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Intervening or Superseding Cause)

Plaintiffs' claims are barred in whole or in part because someone other than Defendants caused the alleged harm suffered by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Join Indispensable Parties)

Plaintiffs' claims must be dismissed for failure to join indispensable parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Negligence of Third Parties)

Plaintiffs' claims are barred in whole or in part because of the negligence of third parties over whom Defendants have no control.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Attorneys' Fees)

To the extent Plaintiffs seeks attorneys' fees, such fees are not recoverable under the claims asserted herein.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part because Plaintiffs have unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Laches)

Plaintiffs claims are barred in whole or in part because they unreasonably delayed in enforcing their alleged rights, barring any relief from or claim against Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Plaintiffs failed to pursue their claims within the applicable statute of limitations.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Consent)

Plaintiffs' claims are barred in whole or in part because Plaintiffs consented to the complained of conduct by their actions and words, including, but not limited to, Plaintiffs' consent to the RSA and/or other applicable agreements.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Contractual Limitations)

Plaintiffs' claims are barred in whole or in part by the terms, conditions, and/or limitations of liability contained in applicable agreements, including but not limited to the RSA.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Plaintiffs' claims in tort are barred in whole or in part under the economic loss rule because Plaintiffs allege they were engaged in a contractual relationship.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Set-off)

Plaintiffs' claims are barred in whole or in part by the doctrine of recoupment and/or set-off.  Defendants are entitled to offset and recoup against any judgment that may be entered for Plaintiffs for all obligations owing to Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

Plaintiffs' calculation of damages violates the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, as well as the Due Process Clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm allegedly suffered by Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Conduct)

Plaintiffs' claims are barred in whole or in part because the alleged harm is due to Plaintiffs' own conduct.

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Parol Evidence Rule)

3

Plaintiffs' claims are barred in whole or in part by the parol evidence rule.

4

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

5

### (Impermissible Punitive Damages)

6

Plaintiffs' request for punitive damages is barred because, among other things, such

7

relief is impermissible under the facts alleged, and impermissible under the applicable law.

8

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

9

### (Res Judicata and Collateral Estoppel)

10

Plaintiffs' claims are barred in whole or in part under the doctrines of res judicata,

11

collateral estoppel, and/or other similar doctrines to the extent the Court has dismissed them

12

or decided the relevant issues.

13

## TWENTY-NINTH AFFIRMATIVE DEFENSE

14

### (Unforeseeability)

15

Plaintiffs' claims are barred in whole or in part because the alleged harm was

16

unforeseeable.

17

## THIRTIETH AFFIRMATIVE DEFENSE

18

### (Comparative Fault)

19

Plaintiffs' claims are barred in whole or in part due to their own negligence, or actions,

20

or the comparative fault of others.

21

## THIRTY-FIRST AFFIRMATIVE DEFENSE

22

### (Lack of Causation)

23

Plaintiffs' claims are barred in whole or in part by lack of causation attributable to

24

Defendants for the alleged harm.

25

## THIRTY-SECOND AFFIRMATIVE DEFENSE

26

### (Lack of Standing/Lack of Privity)

27

Plaintiffs lack standing to bring claims against Defendants.  Plaintiffs named the wrong

28

entities as defendants.  Plaintiffs did not register the Domain with Defendants, and thus, have

19

no basis to bring any claims against Defendants.  Moreover, Plaintiffs concede that ENS Labs is not the registrant of the Domain, and thus it lacks standing to bring any claims regarding the Domain.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendants expressly and specifically reserve the right to amend this Answer to add, delete, and/or modify affirmative defenses based upon legal theories, facts, and/or circumstances which may or will be developed through discovery and/or through further legal analysis of its position in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray as follows:

1.　　The First Amended Complaint be dismissed, with prejudice and in its entirety;

2.　　Plaintiffs take nothing by the First Amended Complaint, and that judgment be entered against Plaintiffs and in favor of Defendants;

3.　　Defendants be awarded its costs of suit and reasonable attorneys' fees; and

4.　　The Court award Defendants such other and further relief as the Court deems just and proper.

Dated:  August 15, 2023

**COZEN O'CONNOR**
Jeffrey M. Monhait (*admitted pro hac vice*)
Haryle Kaldis (*admitted pro hac vice*)

By: *s/Haryle Kaldis*
　　　Haryle Kaldis

Attorneys for Defendants
GODADDY INC. and GODADDY.COM, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury under the laws of the State

of Arizona that I electronically filed the foregoing document with the Clerk of the Court using

the CM/ECF system which will send notification of such filing to the following:

Justin Kingsolver
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
JKingsolver@crowell.com
AUrbelis@crowell.com

Counsel for Plaintiffs

Alexander Urbelis
CROWELL & MORING LLP
590 Madison Ave.. 20th Fl.
New York, NY 10022
Telephone: (212) 223-4000
AUrbelis@crowell.com

Counsel for Plaintiffs

Kevin E. O'Malley
Yusra B. Bokhari
GALLAGHER & KENNEDY PA
2575 E. Camelback Road, Suite 110
Phoenix, AZ 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
kevin.omalley@gknet.com
yusra.bokhari@gknet.com
kevin.omalley@gknet.com

Counsel for Defendant Dynadot, LLC

Warrington S. Parker, III
Jacob Canter
Katie Lee
CROWELL & MORING LLP
3 Embarcadero Center, 26th FL
San Francisco, CA 94111
Telephone: (415) 986-2800
WParker@crowell.com
JCanter@crowell.com
KatLee@crowell.com

Counsel for Plaintiffs

SIGNED AND DATED this 15th day of August, 2023 at Philadelphia, Pennsylvania.

COZEN O'CONNOR

By:   _s/ Haryle Kaldis_
      Haryle Kaldis

21